## Cook, adm'r. v. Field, et. al.

3    53
98   609

1. It is no defence to a suit on a note, that one of the defendants had been garnished by a creditor of the payee, and judgment obtained against him, without proving, also, that the judgment had been satisfied.
2. Such proof may be made in the action of assumpsit under the general issue.

Error to the County Court of Mobile county.

THIS was an action of assumpsit commenced by F. [C. lllis, the intestate of the plaintiff in error, in the County Court Mobile, on the 5th February, 1840, as the assignee of one ... C. Fisher, on a note made to him for one thousand dollars, by the defendants in error, and one A. Henderson, as to whom the suit was discontinued.

To a declaration in the usual form, the defendants pleaded, that at the April term, 1839, of the Circuit Court of the United States for the Southern District of Alabama, a certain firm, using the name and style of Cook & Townsend, recovered of one John Ellis and Samuel C. Fisher, a judgment for twenty-one hundred and ninety-two dollars, besides costs of suit; that the execution which issued thereon, being returned *nulla bona*, and a suggestion made that Stephen G. Field was indebted to the said defendants, he was summoned as garnishee to appear before the said Circuit Court on the fourth Monday of November, 1839, to answer, &c.; that the garnishment was served on him the 7th of May, 1839; that he submitted himself to the judgment of the Court, and that at the November term, 1840, of the Court, Cook & Townsend, by the judgment of the Court, recovered against him as such garnishee, the sum of twenty-one hundred and ninety-two dollars, besides costs.

The defendants, also, pleaded *non assumpsit*. Issue was taken on the first plea, of *nul tiel record*, and as appears from the record, the cause was submitted to a jury, who found for the defendants.

From a bill of exceptions taken in the cause by the plaintiff, it appears that the defendants, to maintain the issues, offered in evidence the record of the judgment of the Circuit Court of

the United States, and introduced parol evidence to show that
the judgment specified in the record was for the debt sued for
in this action; to which evidence under the issue joined, the
the plaintiff objected; which objection the Court overruled, and
permitted the same to go the jury, and the plaintiff excepted:
whereupon, the Court charged the jury, that if they were sat-
isfied from the evidence that there was a judgment against the
defendant Field, for the debt, that they must find a verdict for
the defendants. The plaintiff then requested the Court to
charge the jury, that as the action was by statute joint and se-
veral, they could under the circumstances of this case, find a
verdict for the defendant Field, and against the defendant
Marstead; which charge the Court refused to give, and charg-
ed the jury that the verdict must be a general verdict, either for
the plaintiff or the defendants; to which the plaintiff also ex-
cepted. To revise the judgment of the Court below, the plain-
tiff brings this cause here, and now assigns for error,

1. That the issue of *nul tiel record* was not disposed of by
the Court.

2. The matters of law arising out of the bill of exceptions.

HALE, for plaintiff in error, cited 2 Starkie's Ev. 78; Sal-
mon v. Smith, 1 Saunders' Rep. 207, note 2; 1 Peters' Rep.
73; 1 Wilson's Rep. 89; 13 Mass. Rep. 148.

B. F. PORTER, contra, cited 13 Peters' Rep. 151; 8 Cowen,
1; 3 Stark. Ev. 1282; 1 Saund. 67, note; 3 Burrows, 1353;
1 Chitty, 473; 1 Phil. Ev. 224; 16 Johns. Rep. 136; 3 Cowen,
374; 5 Wendell, 161; 7 Porter, 128; 1 Ala. Rep. N. S. 108.

ORMOND, J.—A recovery of the debt sued for by a pre-
vious garnishment, may be either pleaded specially, or given
in evidence under the general issue, in an action of assumpsit;
it is unnecessary, therefore, to consider in this case whether the
objection, that the Court, and not the jury, should have tried the
issue under the plea of *nul tiel record*, is well taken, as the mat-
ter was submitted to the jury under the plea of *non assumpsit*.

The defendants having produced the record of the judgment
against Field, one of the defendants, who had been summoned
as a garnishee, at the instance of a judgment creditor of the
assignor of the plaintiffs' intestate, and proved that it was for the

same debt now sued on, the Court charged the jury that if they were satisfied from the evidence that there was a judgment against the defendant, Field, for the debt sued on, they must find a verdict for the defendants; to which the plaintiff excepted, and had previously objected to the evidence going to the jury. It becomes, therefore, necessary to consider whether the record offered, and the accompanying parol evidence, were sufficient to authorise a recovery for the defendants.

The judgment against the garnishee was rendered *nisi*, for failing to appear in obedience to the process; and afterwards, upon the return of a *scire-facias*, made final: it does not therefore appear from the record, that the judgment against the garnishee was for the same debt sought to be recovered in this action. There can be no doubt that it was competent for the defendants, by parol proof, to identify the debt recovered by the judgment against the garnishee, and show that it was founded on the same indebtedness attempted to be enforced in this suit.

It does not appear from the record of the garnishment, that an execution had issued upon the judgment against the garnishee, or that there was any proof to that effect, or that the judgment was satisfied. That the judgment against the garnishee *unexecuted*, will not protect the garnishee when sued by his creditor for the same debt is clear, both on principle and authority; for if an unexecuted judgment against the garnishee would be a bar to a suit against him by the original creditor, it might happen that he would not be compelled to pay the debt at all, as the judgment of the attaching creditor might never be enforced.

In the case of Robertson and wife v. Norroy, (1 Dyer, 83, a.) the custom of London was certified by the recorder to be, " that if a man sue another before the Mayor, &c. and a third person is indebted to the plaintiff, in as much as the suit of the plaintiff is for, and by the custom of the law of attachment, the third person is condemned, and judgment given against him; notwithstanding the judgment, if no execution be sued out against the third person, the plaintiff may resort back to have judgment and execution against the defendant, who is his principal debtor, and he may also sue the third person for his debt, notwithstanding the judgment unexecuted," &c. In Turbill's case,

(1 Saunders' Rep.) 67. the custom was certified by the recorder, who describes the manner of summoning one as garnishee, &c. and concludes by saying, "and judgment shall be, that the plaintiff shall have judgment against him (the garnishee) and that he shall be quit against the other (the original creditor) *after execution sued out by the plaintiff.*" To the same effect, and nearly in the same language, the law is laid down in Bacon's Ab. 2 vol. 262, title, Customs of London.

From these authorities, it appears very clear, that the plaintiff in attachment, by the custom of London, may after obtaining judgment against the garnishee, omit to sue out execution, and proceed against the original debtor, in which event the defendant in attachment may proceed against the garnishee for his debt, and the *unexecuted* judgment will be no bar to his recovery. The *suing out execution* against the garnishee, is in effect, an election to take him for the debt of the original debtor, and operates an extinguishment of the debt. The custom of London is the original of our statutory proceedings by attachment, with some slight modifications—one of which is, the plaintiff in attachment cannot have judgment against the garnishee until he obtains judgment against the defendant in attachment; whereas, by the custom of London, the plaintiff by making oath to his debt, and giving pledges to return the money in a year and a day, if the defendant disproved the debt, obtained judgment against the garnishee.

As, therefore, by our attachment laid, the plaintiff obtains a judgment against the defendant in attachment, as well as against the garnishee, on both of which he may have execution, it will follow that the mere suing out an execution against the garnishee, will not, in this State, as in England, by the custom of London, be evidence of an election to substitute the garnishee as his debtor, instead of the defendant in attachment; and it will necessarily follow, that nothing but a *satisfaction* of the judgment against the garnishee, will absolve him from liability when sued for the debt by the original creditor. The Court, therefore, erred, in stating that the rendition of judgment alone would have that effect.

The defence set up that the debt was paid by the garnishment of one of the defendants, would, if properly made out, be a defence to all. The statute, which declares that all joint

contracts shall be considered as joint and several, does not affect this question. Although, by virtue of that statute, each of the makers of a note or bond may be sued separately, and several judgments obtained, there can be but one satisfaction, so a payment by one would be a payment for all, and the defence here set up, is nothing less than a compulsory payment of the debt by one of the defendants, which must inure to the benefit of all.

Let the judgment be reversed, and the cause remanded.