## WITTICK *vs.* TRAUN.

25  317
127  259

1.  In detinue for a slave, a plea of a former judgment in favor of the defendant is nothing more, in effect, than that the title to the slave was in the defendant at a day certain before the commencement of the suit ; it is, therefore, defective on demurrer.
2.  A judgment, when rendered on a verdict on the merits, is final and conclusive between the parties, not only as to the facts actually litigated and decided, but upon all the facts necessarily involved in the issue.
3.  In detinue for several slaves, a judgment in favor of the plaintiff for all of them except one, as to whom the judgment entry is entirely silent, is a judgment in favor of the defendant for that one.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ANDREW B. MOORE.

DETINUE (under the Code) for sundry slaves.  Several errors are assigned, which it is unnecessary to notice, as the

main point argued by the counsel, (and the only one decided
by the court,) was the action of the court below upon the
eighth plea and the replications to it, and this plea is substan-
tially set out in the opinion.

GEORGE W. GAYLE, for the appellant.

J. W. LAPSLEY, *contra*.

GOLDTHWAITE, J.—In the present case, the controversy,
by the agreement of counsel, is confined to the slave Ann, it
being admitted that all the other slaves sued for have been
received by Traun under a former recovery ; and the sole
question as to Ann arises upon the action of the court below
upon the eighth plea and the replications to it.   This plea
sets forth the entire record in a former action, brought by
the appellant against the appellee, for certain slaves, one of
which is described in the writ and declaration as "a slave
named Ann."   The judgment entry recites the appearance of
the parties,—that a jury came, &c., "who upon their oaths do
say they find for the plaintiffs, and assess the value of the
slaves sued for as follows, to wit,"—setting forth all of the
slaves sued for, and their separate values, except Ann, as to
whom nothing is said, and assessing a sum certain as dam-
ages for the detention of the slaves ; and then follows
the judgment of the court, " that the plaintiff recover
of the defendant the said slaves, to-wit":—setting out the
names of all of them except Ann, " or their separate val-
ues as assessed, and also damages," &c.   The plea then avers,
that said judgment has not been reversed or set aside, and
that the same has been fully satisfied by the defendant ; and
also avers that the slave Ann, named in the complaint of the
plaintiff, is the identical slave of that name which the former
action was brought to recover, and that in relation to her, the
judgment and proceedings, as set out in the plea, are a valid
and binding adjudication.

It is clear this plea was defective ; for, if it be conceded
that the former suit was an adjudication upon the title of the
slave in question in favor of the plaintiff, still its only effect
would be, to settle the rights as between the parties up to the
rendition of the judgment in that suit.   It could not settle

any question subsequent to that period, and could not, there-
fore, prevent the plaintiff from recovering, upon a title ac-
quired after the judgment; so that, in fact, the plea amounted
to nothing more, in effect, than that the title to the slave was
in the defendant at a day certain before the commencement of
the suit; and, as this would be no answer to the declaration,
the demurrer to this plea should have been sustained.

But as the plea could be amended, or the record of the for-
mer proceedings given in evidence without being pleaded, it
is proper to ascertain the effect of these proceedings upon the
slave in controversy, with a view to the direction of the case
upon another trial.

The rule is established, that judgments are final and con-
clusive between the parties, when rendered on a verdict on
the merits, not only as to the facts actually litigated and de-
cided, but that they are equally conclusive upon all the facts
that were necessarily involved in the issue.—Cummings v.
McGehee, 9 Port. 349; Greenl. Ev. §§ 522, 528; 3 Cowen &
Hill's Notes to Phil. Ev. 830. The record of the former suit
shows, that it was brought to recover the slave in contro-
versy, and the character of the action was such as to put the
title of the plaintiff to her directly in issue; and the real
question is, whether, under such circumstances, we are to
construe the judgment entry as a judgment in favor of the
plaintiff, or the defendant, as to the slave Ann. The court
moulds its own judgments; and looking to the general course
of practice which has prevailed in this State, we must regard
the judgment as being in favor of the defendant for the slave
referred to. In trials of the right of property, where a por-
tion only of the property has been found subject, the usual
course has been to enter up judgment for that portion only;
and at a very early day we held, that in such a case, a verdict
that part of the property levied on was liable to the execu-
tion, was equivalent to finding the residue not liable.—Lewis
v. Lewis, Minor's Rep. 99. So, in an action of debt count-
ing on several distinct debts, we apprehend that a judgment
for one of the debts declared on would operate as a judg-
ment in favor of the defendant for the other debts; and, if
we are correct in this, we can see no reason why the same rule
should not apply to the action of detinue, which is nothing

but debt in the detinet.  Again ; the judgment in the present case is not in favor of the plaintiff for the slave Ann ; it is altogether silent as to her, and no execution could issue upon it so far as she is concerned ; and as the judgment, in this respect, is not for the plaintiff, we must, in the present inquiry, hold it as being in favor of the defendant as to this slave, for the reason we have before assigned, that it is a judgment upon an issue which necessarily involved the right of the plaintiff to the slave, and is not a judgment in his favor upon that right.  Whether the action of the court in rendering the judgment was correct, or whether the verdict in the case was broad enough to cover the issues presented, and to authorize the court to render any judgment, are questions which do not arise upon the present record.  Our decision only determines the effect of the proceedings as they are set out in the plea, with reference to the case in the position it now occupies.

For the error of the court below in overruling the demurrer to the eighth plea, the judgment is reversed, and the cause remanded.