## WILLIAM F. MOTT *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

The rule of law, that an owner of land fronting upon a highway, is *prima facie* the owner to the centre of the road, subject only to the public easement over it, is applicable to the streets in the city of New York.

Therefore, in the absence of any proof upon the subject of ownership of the soil in the streets, the title to it must be presumed to be in the adjoining owner, and not in the corporation of the city.

Since the law relative to altering the grades of streets in the city of New York (Laws 1852, chap. 52, p. 46,) the common council cannot change or alter the grade, in whole or in part, of any street below Sixty-third street, except upon the written consent of the owners of at least two thirds of the land fronting upon the part of the street proposed to be altered.

The common council of the city, upon the application of less than two thirds of the owners affected, passed an ordinance changing the grade of Vandewater street. In carrying the ordinance into effect, they caused the street to be excavated to the depth of six feet, whereby the premises of the plaintiff fronting on it were seriously injured. *Held*, that the ordinance was void, and the corporation was liable for the injury produced.

In passing an ordinance changing the grade of a street, the common council of this city act under a special and limited power, and where it is shown that the facts did not exist which would warrant its exercise, the ordinance is not only void, but affords no protection to any person acting under it.

A municipal corporation is liable for the damages occasioned by its illegal exercise of a corporate power.

The provisions of law allowing parties to be witnesses in their own behalf, are applicable to actions wherein a municipal corporation is a party.

APPEAL by the defendants from a judgment entered at special term upon the verdict of a jury. The material facts in the case are fully stated in the opinion.

*Abraham R. Lawrence, Jr., assistant corporation counsel,* for the appellant.

I. The objection of defendants' counsel to the right of the plaintiff to testify on the trial, should have been sustained by the court. The law of 1857, allowing parties to be witnesses in their own behalf, is not applicable to actions in which a municipal corporation is a party.

II. The fee of the streets is vested in the mayor, aldermen and commonalty, and they have the general right, independent of any new legislative act, to alter their grade.

III. The plaintiff cannot, in this collateral action, review or reverse the proceedings of the defendants in passing the ordinance of April 20th, 1857, amending the grade of Vandewater street for work done under the same. *a.* The passage of the ordinance was a judicial act. The common council are a quasi-judicial tribunal when acting upon such an ordinance, and their judgment is final and conclusive. *Rochester White Lead Co.* v. *City of Rochester,* 3 Comstock's Rep. 463; *Wilson* v. *Mayor,* 1 Denio, 595. *b.* There were ample remedies open to the plaintiff to which he might have resorted for redress, if the ordinance was improperly passed. 1. By a *certiorari* he could have brought up all the proceedings of the common council, and could have had them reversed if improper. *Matter of Mount Morris Square,* 2 Hill, 27–8; *Storm* v. *Odell,* 2 Wend. 287; *People* v. *Mayor of Brooklyn,* 6 Barb. 209; *Same* v. *Same,* 9 Barb. 535. 2. By a mandamus he might have compelled the defendants to desist from doing any work under the ordinance. 3. He might have obtained a writ of prohibition against the common council, acting as a quasi-tribunal, from taking any proceedings to change the grade. *People* v. *Supervisors of Queens,* 1 Hill, 196, 205. And he has been guilty of laches in not pursuing one or other of these several remedies. *c.* This action is not brought to recover damages for negligent or unskilful performance of the work by the ordinance directed to be done, but for doing work at all under that ordinance. In other words, it is an attempt to recover damages for the enforce-

ment of a judgment of a tribunal having jurisdiction, which judgment remains unreversed.

IV. Even if the respondent can attack the proceedings of the common council in this action, and go behind the ordinance, if it appears, as it does here, that they had an application before them for a change of grade, their finding or determination upon the question whether the applicants owned two thirds of the lineal feet on the street is conclusive, and the plaintiff cannot show that in fact they did not own such a number of feet. This determination would be conclusive on a certiorari. *People* v. *City of Rochester*, 20 Barb. 449. And it must be more conclusive (if anything) in a collateral action.

V. But conceding that the ordinance is invalid, because the written consent of two thirds of the owners in interest of the property on the line of the street has not been obtained, the appellants are not liable. *a.* The passage of such ordinance was a violation of law by the individuals comprising the common council, for which they would be personally liable. *Sanders* v. *Springsteen*, 4 Wend. 429; *Ontario Bank* v. *Brunell*, 10 Wend. 186; *Weaver* v. *Devendorf*, 3 Denio, 117; *Prosser* v. *Secor*, 5 Barb. 607. *b.* In passing an illegal ordinance, the members of the common council acted beyond the scope of their powers; and a corporation is no more bound to answer for acts done by its officers, beyond the scope of their powers, than an individual is bound by the unauthorized acts of his agents.

*Monell, Willard & Howe*, for the respondents.

I. There is no evidence that the fee of Vandewater street belongs to the defendants. The presumption is, that the fee belongs to the owners of the adjacent property, subject to the easement of the highway. This principle is too well founded to require the citation of authorities. 2 John. 357; 15 Id. 447; 19 Wend. 659.

II. The plaintiff is not seeking in a collateral action to review or reverse the proceedings of the common council in passing the ordinance. So far as the common council acted in a quasi-

judicial capacity, they merely considered the expediency of the improvement. They could not, and did not adjudge that 18 feet is two thirds of 280, and their action in changing the grade was wholly illegal. *Waddell* v. *Mayor, &c., of New York,* 8 Barb. 95.

III. The determination of the common council upon the question, whether or not the petition contained the names of the owners of two thirds of the property, cannot be conclusive upon the rights of the plaintiff. It would be just as reasonable to say, that the common council can adjudge that two and two make five. *Graves* v. *Otis,* 2 Hill, 466.

IV. The legal liability of the defendants, upon the facts admitted and proved in this action, is clear. 1. In changing the grade of Vandewater street, the defendants acted upon a subject within their control, but acted in an illegal manner. *Howell & Christopher* v. *The City of Buffalo,* 15 N. Y. Reports, 512; *Lacour* v. *The Mayor,* 3 Duer, 406; *St. John* v. *The Mayor,* 6 id. 315; *Hutson* v. *The Mayor,* 5 Selden, 163; *Adset* v. *Brady,* 4 Hill, 630; *Conrad* v. *Trustees of Ithaca,* 16 N. Y. Reports, 158; *Kicock* v. *Plattsburgh,* cited in above. 2. By the statute, the owner of property damaged by the change of grade is entitled to be paid by an assessment upon the property benefitted. The fact that the defendants have, by their own illegal act, put it out of their power to lay a valid assessment for this purpose, cannot deprive the plaintiff of his right to compensation. His only remedy is by the present action, in which he is clearly entitled to his judgment.

By the Court, HILTON, J.—The plaintiff brought this action to recover of the defendants the damages he sustained by reason of their illegal interference with the established grade of Vandewater street in this city. It appeared on the trial that the plaintiff was the owner of two houses and lots fronting on Vandewater street, the grade of which had, for a long time previous to the interference complained of, been fixed and established; that on April 20, 1857, the defendants adopted an ordinance or resolution, altering the grade, which had been so previously fixed,

and thereupon, pursuant to such resolution, they entered upon the street, and excavated it to the depth of about six feet, whereby it was, for a time, rendered less passable, and the prem· ises in question had to be altered, so as to conform to the new grade thus created.   It was admitted that this change of grade was made without the consent of the owners of two thirds of the land, in lineal feet, fronting on and adjacent to such change; the owners of only about eighteen feet consenting to it, while the length of the change was about two hundred and eighty feet. After showing the damage resulting from this act of the defend ants, the plaintiff rested.   The counsel for the defendants then moved to dismiss the complaint upon various grounds, which will be hereafter noticed, but the judge denied the motion, and submit· ted the question of damage to the jury, who found in favor of the plaintiff for $1,039.87.

The defendants appeal, and their argument may be briefly stated thus:

1st. That they are owners of the fee of the streets of the city, and have the general right, independent of any legislative act, to alter their grade at pleasure.

2d. That their proceedings, in altering the grade of Vandewater street, cannot be reviewed collaterally, and that no action lies for damages arising from acts done by them under their proceedings.

3d. That, as it appeared on the trial that the defendants had before them an application by some of the owners for a change of the grade, the finding of the common council of the defendants that such applicants owned two thirds of the land, in lineal feet, on the street proposed to be changed, was conclusive; and the plaintiff cannot be permitted to show the contrary.

These propositions, if correct, seem to me to require us to take judicial notice of the alleged ownership by the defendants of the fee of the streets in this city; and to hold that their acts in respect to any change of their grade are discretionary, and not subject to inquiry; but a brief examination of the authorities will suffice to show that no such immunity exists.

The streets of the city are for the use of the public as high-ways, and all the rules of law respecting highways apply to them with full force. One of these rules is, that the adjoining owner is *prima facie*, and of common right, also owner to the middle of the road, subject only to the public easement over it. Wool·rych on Ways, 5, 6 ; 3 Kent's Com. 432 ; *Matter of John and Cherry Streets*, 19 Wend. 659, 675 ; *Cortelyou* v. *Van Brunt*, 2 John. 356 ; *Matter of opening* 17*th Street, N. Y.*, 1 Wend. 262 ; *Ro-gers* v. *Bradshaw*, 20 John. 743 ; *Jackson* v. *Hathaway*, 15 id. 447. Therefore, in the absence of any proof upon the subject of the own · ership of the soil of Vandewater street, the title to it must be pre-sumed to be in the adjacent owners, and not in the defendants.

Prior to 1852, it cannot be denied that the defendants might, at any time, in their discretion, alter the grade of a street within the city limits, (Kent's Charter, 58, 59 ; Law 1813, 2 R. S. 407, § 175), and for any injuries sustained by adjoining owners in consequence of such alteration, no action for the recovery of damages would lie, ( *Wilson* v. *The Mayor, &c., of N. Y.*, 1 Denio, 595 ; *Waddell* v. *The Mayor, &c., of N. Y.*, 8 Barb. S. C. R. 95); but in that year the legislature saw fit to restrain in some degree this unlimited discretion, and to limit its exercise to certain cases, providing at the same time a means of compensating parties for the necessary injuries which usually flow from such an act being car-ried into effect. Accordingly, a law was enacted (Laws 1852, c. 52, p. 46,) the first section of which declared that the grades of streets, as then fixed and established by the common council of New York city, south of 63d street, should not be changed or al-tered except as thereinafter provided. By section 2, provision was made for proceedings by which a grade might be changed ; but it was there declared that it should not be lawful for the common council to alter or change, in whole or in part, the grade of any such street, " except upon the written consent of the owners of at least two thirds of the land in lineal feet fronting on each side of the street or avenue, opposite to and adjoining that part there· of, the grade of which was to be changed or altered," and thus to this extent an absolute restriction was put upon the power

previously exercised by the defendants, and it was made unlawful for them to proceed to change the grade of Vandewater street, except upon the written consent of two thirds of the owners affected.

It is, therefore, quite clear that the ordinance under which the defendants acted, was not discretionary, as the defendants claim; but contrary to law, and their acts under it unlawful. Without the consent referred to, the defendants had no jurisdiction or right to pass it, and it being void they had no right to enter upon the street and do the act complained of, for the purpose of carrying it into effect. *Graves* v. *Otis*, 2 Hill, 466; *Prosser* v. *Secor*, 5 Barb. 607.

It is true, as claimed by the defendants, that the common council in passing the ordinance acted judicially, but their jurisdiction was special and limited, and of a nature which may always be inquired into. And where the facts do not exist to confer the jurisdiction exercised, the act is not only void but affords no protection to any one proceeding under it. In this case it is as if no ordinance had been passed, and the defendants stand before the court as naked trespassers, digging up the public highway in front of the premises of the plaintiff, and by reason of which he has sustained an injury. *Bigelow* v. *Stearns*, 19 John. 39; *supra*, and cases cited; 5 Barb. 607.

As we have seen, the act complained of was within the corporate powers of the defendants, had they proceeded about it in a proper manner. They possess the right to change the grade of Vandewater street upon the consent of two thirds of the owners, and to cause the damages done to the owners of lands on the street to be assessed upon other lands which may be benefitted by the change; but what was done in this case was an illegal exercise of a corporate power which the defendants plainly possess, and for the damages produced by such acts, admitted to have been done under their direction, they are undoubtedly liable in an action like the present. *Howell* v. *City of Buffalo*, 15 N. Y. Rep. 512; *Lacour* v. *The Mayor, &c., of N. Y.*, 3 Duer, 406; *Hutson* v. *The Mayor, &c., of N. Y.*, 5 Selden, 163.

I have not referred to the exception taken by the defendants' counsel at the trial, to the admission of the plaintiff as a witness. This court having decided in *Wallace* v. *The Mayor of N. Y.*, (*post*), that the law allowing parties to be witnesses in their own behalf, is applicable to actions to which a municipal corporation is a party.

Judgment affirmed.