## ALABAMA & FLORIDA R. R. CO. *vs.* WATSON.

[ACTION FOR BREACH OF SPECIAL CONTRACT FOR HIRE OF SLAVES.]

1. *Demurrer; agreement as to.*—An agreement between the parties to a suit, in open court that, "the demurrer to the complaint was to be deemed as duly filed, and every ground of demurrer which could legally be set down, or specified, was to be deemed as duly set down and specified, and a joinder in demurrer was to be deemed as duly filed," does not conform to the requirements of the Code, §2253, (Revised Code, § 2656,) and can not render nugatory its provisions. And where

it appears that "the court, upon full consideration, and of the argument thereon, overruled said demurrer, to which ruling and decision of the court, the defendant excepted," and the record fails to show what were the points of objection raised in the argument, this court will presume in favor of the ruling of the court below, even if there had been a good ground of demurrer, which might have been specified. (Per BYRD, J.)

2. *Pleas ; agreement as to.*—An agreement between the parties to a suit, "that every matter and thing which could be legally pleaded in bar should be deemed as duly pleaded, and that every matter and thing which could be legally replied should be deemed as duly replied, and that every issue which could be legally joined as to the matters in bar should be deemed as duly joined ;" and upon such agreement the parties went to trial, no pleas being filed, amounts to a plea of the general issue, and joinder therein by the plaintiff. (Per BYRD, J.)

3. *Same ; verified by affidavit.*—Such an agreement is not equivalent to a plea, verified by affidavit, as required by the Code, § 2279, (Revised Code, § 2682); and under said agreement, the defendant could only in, sist on such pleas as could be plead without verification. (Per BYRD, J.)

4. *Plaintiff a competent witness in a suit against a corporation.*—In a suit against a railroad company, the plaintiff is a competent witness for himself under the act 14th February, 1867, (Revised Code, § 2704.)

5. *Evidence ; declarations of third person.*—*Held,* upon the authority of *Abraham & Bro. v. Nunn,* present term, that the admission as evidence against the objection of defendant, of the declarations of a third person, in no way connected with the suit, made to the plaintiff, being a witness for himself, is illegal and will reverse the case on error, although it does not appear that any injury resulted from such admission, to the defendant, the bill of exceptions not purporting to set out all the evidence introduced on the trial.

APPEAL from the Circut Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

THIS action was brought by Perry Watson, against the Alabama and Florida Railroad Company, to recover damages for the breach of a written agreement, entered into by the defendant with the plaintiff on the 29th day of January, 1861, and was commenced on the 4th day of November, 1862. The substance of the agreement, which was set out in the complaint, was, that defendant hired from plaintiff, from the 1st January, 1861, to the 1st January, 1862, certain slaves, and among them, one named Spencer, to work on defendant's road, and each party agreed to do certain specified things in regard to said slaves. The agreement was signed by the plaintiff, and "Samuel G. Jones, Superintendent, for Alabama and Florida

Railroad Company." The breach assigned was the failure of defendant to comply with certain parts of said agreement, and by reason of said failure, the slave Spencer, who was taken sick, while in the employment of said defendant, died, and was wholly lost to the plaintiff. Judgment was rendered against the defendant on the 5th day of March, 1865. Upon the trial the plaintiff offered the said agreement as evidence, and read the same to the jury, after first introducing a witness, who testified that the signatures to said instrument were genuine, and that they were made to said instrument on the day the same bears date; that Samuel G. Jones was, at that time, the superintendent of said Alabama and Florida railroad ; that he was in the habit of employing and making contracts for the hands who worked on said road, and that the hands employed by him under and by said contract, worked on said road and for said company. The defendant objected to the reading of said instrument as evidence to the jury, and set forth several grounds of objection, but the court overruled the objection and permitted said instrument to be read to the jury as evidence, and to this ruling defendant excepted. The plaintiff was allowed to testify as a witness for himself against the objection of the defendant. He testified, amongst other things, that one Comer, who was an overseer on defendant's road, in charge of the slave Spencer, " told him, plaintiff, that said Spencer had been sent by him to the hospital at the depot at Montgomery," and to the admission of this evidence, the defendant excepted. There was an agreement as to the demurrer and pleadings, which will sufficiently appear from the reading of the opinion of the court. The defendants appealed to this court, and assigned as error, the several rulings of the court on the demurrer, and the admission of evidence.

RICE, SEMPLE and GOLDTHWAITE, for appellants.
WATTS & TROY, contra.

BYRD, J.—The bill of exceptions shows that " the defendant demurred to the complaint, and by consent of parties, in open court, the demurrer to the complaint was

to be deemed as duly filed and every ground of demurrer
which should legally be set down or specified was to be
deemed as duly set down and specified, and a joinder in
demurrer was to be deemed as duly filed ;" and that " the
court, upon full consideration of the argument thereon,
overruled said demurrer, to which ruling and decision of
the court the defendants excepted." The Code provides
" that no demurrer in pleading can be allowed, but to mat-
ter of substance which the party demurring specifies; and
no objection can be taken or allowed which is not distinctly
stated in the demurrer."—Code, § 2253. The demurrer,
which the appellant sought to interpose, does not conform
to the requirements of the statute, and I am not aware of
any authority to sustain the proposition that the agreement
of counsel can render nugatory a statutory prohibition
which was intended to control the action of the court.

Again, the record does not inform us what were the points
of objection raised in the argument in the court below.
And in the absence of any information on the subject, I
must presume in favor of the ruling of the court, that no
valid ground of demurrer was specified in the argument;
and if none were, we should not reverse the case, even if
there had been a good one which might have been speci-
fied. None such has been specified in the argument of
counsel in this court. The court below properly overruled
the demurrer.—*Helvenstein v. Higgason*, 35 Ala. 259 ; *Hen-
derson v. Renfro*, 31 Ala. 101 ; *ib.* 164 ; *Cotten v. Bradley*,
*ib.* 508 ; *Cotten v. Rutledge*, 33 *ib.* 110; *ib.* 640 ; *Burns v.
Mayor, &c.*, 34 *ib.* 485 ; *Robbins v. Mendenhall*, 35 *ib.* 722.

II. The bill of exceptions further shows that " the par-
ties agreed that every matter and thing which could be
legally pleaded in bar, should be deemed as duly pleaded,
and that every matter and thing which could be legally
replied, should be deemed as duly replied, and that every
issue which could be legally joined as to the matters in bar,
should be deemed as duly joined," and upon this agreement
the parties proceeded to try the cause, no pleas being filed
to the complaint. I have no doubt of the right of the
parties to make such an agreement, and of the right of the
court below to recognize such an agreement, but the effect

that the court should have given to it, I am not called on to express an opinion. The effect that this court will give it, is all that, I think, in the present condition of the records, we are called upon to decide. I am decidedly of the opinion that this agreement can, at most, be held as amounting to a plea of the general issue and joinder therein by the plaintiff in the court below. And upon this construction of the agreement I shall hereafter proceed to dispose of the questions raised in the bill of exceptions.

The record does not show that the court below was advised by counsel of any special matter in bar of the action, which was not available under the general issue, nor of any special matter which was only admissible under a replication or an issue thereon. I hold that neither the court below, nor this court, is bound to make up issues for the parties under such an agreement, nor to conceive of a state of pleadings under which evidence offered would or would not be admissible; and, *a fortiori* the court is not bound to do so, when the counsel do not themselves bring to the attention of the court the particular state of pleading under which the evidence is or is not relevant or admissible. General objections made in the courts below are not favored in this court, nor should such generality in pleading be favored. Parties may agree to submit causes in the courts of law upon the facts to the court, and the court *may* recognize the agreement as binding on the parties, and proceed and decide the cause, but this court has held that it will not review such a decision. If parties desire their causes reviewed they must proceed according to law and the rules of the court to try them, and not under agreements which depart from the provisions of law regulating the trial of causes. This court has reviewed causes tried on agreements which allowed the defendant to plead the general issue and other pleas in bar by name, in short by consent, and the following cases will show how they have been construed, and how far tolerated.— *Gayle v. Randle,* 4 Por. R. 232 ; *Jackson, adm'r, v. Jackson, et al.,* 7 Ala. 791 ; *Reid v. Nash,* 23 *ib.* 733 ; *Brooks v. McFarland,* 20 *ib.* 483 ; *Duncan v. Hargrove,* 22 *ib.* 150 ; *Anderson v. Nash,* 24 *ib.* 279. This is as far as this

court has gone, and I am not in favor of going any farther in that direction. So far as this court ·has tolerated such a practice, I am willing to adhere to the adjudications, but not to go farther ; and prefer to enforce in analogous cases the rules laid down in the cases of *Etheridge v. Doe*, 18 Ala. 569 ; *Barnes v. Mayor, &c.*, 19 *ib.* 707 ; *Bott v. McCoy, et al.*, 20 *ib.* 578 ; *DeVendell v. Doe*, 27 *ib.* 156 ; *Stein v. Jackson*, 31 *ib.* 24. `

In this case the counsel in this court have not in their arguments suggested any special plea, issue or replication under which the evidence would or would not be admissible, and I shall not undertake the task of making up issues under which it might or might not be admissible, but will proceed to ascertain whether any was admitted or rejected in the course of the trial which should not have been under the general issue. In support of the general views above expressed, I refer to the following authorities : *Long v. Rogers*, 19 Ala. 321; *Van Eppes v. Smith*, 21 *ib.* 317 ; *Jones v. Graham*, *ib.* 654 ; *Murrah v. Br. Bk. Decatur*, 20 *ib.* 392 ; *Fulton Ins. Co. v. Tinsley & Co.*, 23 *ib.* 420 ; *Russel v. Desplous*, 25 Ala. 514; 31 *ib.* 164; *Smith v. Gafford*, 33 *ib.* 168 ; *ib.* 272.

III. The contract sued on is averred to be in writing. The Code provides that "all written instruments, the foundation of the suit, purporting to be signed by the defendant, his partner, agent or attorney in fact, must be received in evidence, without proof of the execution, unless the execution thereof is denied by plea, verified by affidavit." No such plea is filed in this case, unless the agreement of the parties above noticed is equivalent to such a plea. I hold that it is not, and that under such an agreement the plaintiff did not waive the affidavit required by law, and that the defendant could only insist on such pleas as could be plead without verification.—*Ala. & Miss. R. R. Co. v. Sanford & Reid*, 36 *Ala.* 703 ; *Ala. Coal M. Co. v. Brainard*, 35 *ib.* 476. The court did not therefore err in admitting the contract "without proof of the execution."

We have been unable to detect any substantial variance between the contract offered in evidence and the one set

out in the complaint, and the counsel for appellant have not pointed out any variance between them, substantial or otherwise. The other grounds, stated in the bill of exceptions, are equally untenable, and the court committed no error in permitting the contract offered in evidence to go to the jury.

IV. The objection taken to the competency of the appellee as a witness was properly overruled under the influence of the act approved February 14th, A. D. 1867. The language of the act is broad and comprehensive enough to embrace such a case as this, and this case is not reached by exceptions named in the first section of the act.—*Field v. N. Y. &c. R. R. Co.*, 29 Barb. 176; *Johnson v. McIntosh*, 31 Barb. 267; *LaFarge v. Exch. & Ins. Co.*, 3 Bosw. 157; *Mott v. N. Y.*, 2 Hilt. 358; *ib.* 440.

V. The last exception taken in the court below, was taken to the admission as evidence of a statement made by Comer to the appellee. It seems to me that the evidence was clearly inadmissible, and I cannot see for what purpose it was offered by the appellee. It tended to prove a compliance on the part of the appellant with the terms of the contract, and, so far as I can see, nothing else. But as the bill of exceptions does not purport to set out all the evidence introduced on the trial, we must reverse this case for the error in admitting the declaration of Comer against the objection of appellant, upon the authority of *Abraham & Bro. v. Nunn*, decided at the present term.

A. J. WALKER, C. J.—I concur in the foregoing opinion, so far as the question of variance, of the competency of the plaintiff as a witness, and the admissibility of Comer's declaration are concerned. Of course I concur in the result. In reference to the pleading, I express no opinion farther than to say, that the substitution of the agreements in this place for pleading was obnoxious to many objections, and it would be better to avoid a similar practice hereafter.

Reversed and remanded.

JUDGE, J., not sitting.