# Chattanooga Brewing Co. *v.* Smith.

## *Assumpsit.*

(Decided Feb. 8, 1912. Rehearing denied April 4, 1912.
58 South. 67.)

1. *Appeal and Error; Review; Presumption.*—In the absence of some pleading or other matter in the record connecting the two cases, it cannot be presumed that a case pending on appeal grew out of the same transaction as another case because appearing to be between the same parties, and presenting substantially the same facts as the other case previously decided.

2. *Judgment; Res Judicata; Pleading.*—To be available res judicata must be pleaded.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Fannie W. Smith against the Chattanooga Brewing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. LATADY, for appellant. Counsel makes the same contentions and cites the same authorities as in the case between the same parties next above reported.

SAM WILL JOHN, for appellee. Counsel makes the same contentions and cites the same authorities as in the case between the same parties next above reported.

DE GRAFFENRIED, J.—The court, in an opinion which was rendered on the 28th day of November, 1911, in a case between the above-named parties, settled favorably to the appellee in this case many of the questions which appear to be at issue in this cause.—*Chattanooga Brewing Co. v. Fannie W. Smith, infra,* 58 South. 63.

While the instrument sued on in this case grew out of a transaction similar in every respect to the one involved in the above controversy, we have no judicial knowledge that both cases grew out of the same transaction. We know of no rule authorizing us, in the absence of some pleading or other matter in a record connecting one case with another, to presume that a case on this docket, because it appears to be between the same parties and presents substantially the same facts as some other case, in reality grew out of the same transaction. The doctrine of res judicata, to be available, must be pleaded.

We cannot hold that, under the facts as they exist in the present record, the appellee was entitled to the general affirmative charge. We expressed no such views in the case of *Chattanooga Brewing Co. v. Fannie W. Smith, infra,* 58 South. 63, above cited. In the written charge which appears on page 68 of the record, and which was given at the written request of the appellee, the trial court, without regard to the evidence, *directed* a verdict for appellee, and in doing so committed an error for which the judgment in this case must be reversed.

Reversed and remanded.