# Johnson *v.* Odom.

## *Detinue.*

(Decided December 15, 1914.   66 South. 853.)

*Judgment; Res Judicata.*—A judgment for plaintiff in trover, rendered on the merits by a court of competent jurisdiction, and not appealed from or set aside, is conclusive of the matter in controversy, and a bar to an action of detinue brought by defendant in the former action, for the same property.

APPEAL from Montgomery City Court.

Heard bfeore Hon. ARMSTEAD BROWN.

Detinue by T. G. Johnson against D. F. Odom, for the recovery of a cow. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

It appears from the proof that on a former occasion in the city court of Montgomery, Odom sued Johnson in detinue and in trover for certain cattle, among which appears to have been the cow made the basis of this suit, and that the judge of said court of Montgomery sitting without a jury found for defendant, the plaintiff in this case, as against the plaintiff in the former case, defendant in this case, as to the particular cow mentioned in the present case, and found for plaintiff in the other case as to the other cows mentioned. That said judgment has never been appealed from, but is still in force and effect.

L. A. SANDERSON, for appellant. The present plaintiff having been the defendant in the action of trover involving the cow in question, and the court having rendered a judgment against this plaintiff as defendant in the other suit for the cow in question, the matter has become res judicata, and plaintiff cannot maintain this action.—23

Cyc. 115, 1106, 1218 and 1222; *Callan v. Anderson*, 131 Ala. 228; *L. & N. v. Brinkerhoff*, 119 Ala. 606; *Strauss' Case*, 64 Ala. 299; *Cannon v. Brame*, 45 Ala. 263; *Harris v. Plant*, 31 Ala. 639.

HILL, HILL, WHITING & STERN, for appellee. No brief reached the Reporter.

PELHAM, P. J.—From the record before us it appears that the question of an adjudication or judicial determination of the same matter between the parties in a former suit was made an issue by the parties without the aid of formal pleadings on the trial of the case before the judge sitting without a jury.

It was shown by the undisputed evidence, introduced without objection on the trial, that an action between the same parties as to the same subject-matter had been previously brought in a court of competent jurisdiction, and a final judgment on the merits rendered therein in favor of the appellant. This was conclusive of the matter in controversy, and constituted a bar to any further suit between the same parties on the same cause of action.—*Strang v. Moog*, 72 Ala. 460; *Tankersly v. Pettis*, 71 Ala. 179.

The former action was in trover and the present in detinue, but an action of trover is barred by an action of detinue as to the same subject-matter between the same parties, and likewise an action of detinue is barred by an action of trover.—*Thompson v. Odum*, 31 Ala. 108, 68 Am. Dec. 195; *Tarleton v. Johnson*, 25 Ala. 300, 60 Am. Dec. 515; *Patton v. Hamner*, 33 Ala. 307.

The matter in controversy between the parties having passed into a final judgment rendered by a court of competent jurisdiction, it had lost its vitality as the subject-matter of a cause of action, and become merged or swal-

lowed up in the former judgment.—*Bank of Mobile v. M. & O. R. R. Co.*, 69 Ala. 305; *Davis v. Bedsole*, 69 Ala. 362. The former judgment of the court of competent jurisdiction directly upon the point involved, proven as a judicial determination of the issue before the court on the trial without objection or conflict in the evidence, is good as a plea in bar, and conclusive between the same parties upon the same matter.—*Cannon v. Brame*, 45 Ala. 262; 23 Cyc. 1531.

For the reasons stated, the trial court was in error in rendering judgment for appellee, and that judgment will be reversed, and the cause remanded for further proceedings in conformity with our holding.

Reversed and remanded.