209 So.2d 212

### GULF AMERICAN FIRE AND CASUALTY CO.

v.

### Sidney JOHNSON.

**8 Div. 211.**

Supreme Court of Alabama.

April 11, 1968.

Dawson & McGinty, Scottsboro, for appellant.

Campbell & Campbell, Scottsboro, for appellee.

COLEMAN, Justice.

Defendant appeals from judgment for plaintiff in an action tried by jury, for money received by defendant to the use of the plaintiff.

The complaint contains one count which recites:

"The plaintiff claims of the defendant TWELVE HUNDRED AND NO/100 DOLLARS ($1200.00), for money on the 19 day of December, 1959, received by the defendant to the use of the plaintiff, which sum of money, with the interest thereon, is still unpaid."

Defendant filed five pleas. Pleas 1, 2, and 3 are pleas of the general issue. Pleas 4 and 5 undertake to set up the defense of *res judicata*.[1]

We find no demurrer to any of the pleas. Immediately following the pleas, on three pages of the record, there appears an instrument which the parties call an "agreed statement of fact." This instrument is signed by attorneys for plaintiff and by the attorney for defendant.

In substance, the agreed statement recites that plaintiff owned forty acres of land on which was a dwelling house; plaintiff executed a mortgage on the land; defendant insured the house against loss by fire for $1,200.00; the policy contained a mortgage clause to effect that in case of loss of house by fire, the proceeds of the policy should be paid to mortgagee; plaintiff made no payment on the mortgage debt; the policy was in effect on a day when the house was destroyed by fire; the policy provided that defendant shall not be liable for loss occurring while the hazard is increased by means within control or knowledge of insured or while house is vacant or unoccupied for sixty consecutive days; the policy further provided that if defendant shall claim that no liability existed, defendant shall, to the extent of payment of loss, be subrogated to mortgagee's rights of recovery, or, defendant may pay off the mortgage debt and require an assignment thereof and of the mortgage;

1. Plea 4 recites:
"(4) As a further answer or plea herein, if necessary, the defendant alleges that the plaintiff has heretofore instituted a suit against this defendant in the Circuit Court of Jackson County, Alabama, for an amount alleged therein to have been due the plaintiff under a contract between the plaintiff and the defendant or for money alleged to be owed by the defendant to the plaintiff. That in said suit this defendant recovered a final and valid judgment in said cause against the plaintiff on the merits of his claim, and the amount here sued for had accrued, if the same ever accrued, prior to the institution of the suit aforesaid, but same was not demanded therein.

"The defendant avers that its liability to the plaintiff, if any, on the claim or cause of action, the basis of this suit, existed at the time of the filing of said former suit by the plaintiff against this defendant and at the time of the entering of a final judgment therein on the merits of said case, and same could have been included in said original suit and litigated therein. Therefore, the defendant pleads and avers that the plaintiff prosecuted said former suit to a final judgment which is now valid and subsisting and has never been appealed from, plaintiff is barred from any recovery in this suit."

defendant denied liability to plaintiff on grounds that hazard was increased or the house had been vacant sixty days; defendant paid to mortgagee $1,432.80, the amount of mortgage debt, and the mortgagee transferred the mortgage and debt to defendant; defendant foreclosed the mortgage and bought in the land for $1,703.01, which was the amount of mortgage debt plus foreclosure costs; defendant sold the land to E. E. Mitchell for $1,200.00; plaintiff subsequently filed suit against defendant on the policy; defendant filed pleas, in one of which defendant alleged that the policy contained the mortgage clause above referred to, and further alleged that defendant had paid the proceeds of the policy to mortgagee, prior to commencement of the first suit, and that defendant had thereby discharged defendant's liability under the policy; plaintiff confessed said plea and judgment was entered thereon in favor of defendant and against plaintiff; the only money defendant had received in connection with the transaction was the $1,200.00 which defendant received from E. E. Mitchell as purchase price for the property defendant sold to him.

The agreed statement of facts commences:

"This cause is hereby submitted to the Court for a judgment by the Court on agreed statement of facts without the intervention of a jury.";

and concludes:

"A true copy of the policy is attached to this agreed statement of fact.

"To this action the defendant filed several pleas, some of which set up and plead res judicata and this cause is submitted to the Court on this agreed statement of facts for the Court to determine if said plea is a good plea and defense to this action for money had and received."

The next thing in the record is an order of the court which recites certain matters considered by the court and concludes as follows:

"It is therefore, Ordered, Considered and Adjudged by the Court that defendant's plea in bar in this case be and the same is hereby overruled, and the plaintiff is allowed to proceed to trial on the original bill of complaint and on defendant's plea of general issue and such other pleas as defendant may file within twenty (20) days from the date of this Order."

The transcript of evidence on the trial by the jury next appears in the record. In the trial by jury, plaintiff offered in evidence the agreed statement of facts, but defendant objected and the court sustained the objection.

Defendant assigns for error and argues that the trial court erred in "overruling defendant's plea (4)."

We are not familiar with or advised of any authorized procedure in this state whereby, in an action at law, a court can "overrule a plea" which has been submitted to the court together with an agreed statement of facts.

As already stated, we do not find in the record any demurrer to the pleas. This court has said that demurrer, and not motion to strike, is the appropriate method of testing the sufficiency of pleas. Logan v. O'Barr, 271 Ala. 94, 97, 122 So.2d 376. We hold, in the instant case, that demurrer is the proper way to test the sufficiency of defendant's plea 4.

In Alabama and Florida R. Co. v. Watson, 42 Ala. 74, in an action at law, the parties agreed that defendant's demurrer to the complaint was to be deemed as duly filed and every ground of demurrer which should legally be set down or specified was to be deemed as duly set down and specified. The trial court overruled the demurrer. On appeal, Byrd, J., quoted the statute, which is now § 236 of Title 7, and said:

". . . . The demurrer, which the appellant sought to interpose, does not conform to the requirements of the statute, and I am not aware of any authority to sustain the proposition that the agreement of counsel can render nugatory a statutory prohibition which was intended to control the action of the court.

"Again, the record does not inform us what were the points of objection raised in the argument in the court below. And in the absence of any information on the subject, I must presume in favor of the ruling of the court, that no valid ground of demurrer was specified in the argument; and if none were, we should not reverse the case, even if there had been a good one which might have been specified. . . . ." (42 Ala. at page 77)

There is no demurrer to the pleas at all in the case at bar. While *Watson* is not on all fours with the instant case, we think the following rule stated by Byrd, J., applies here, to wit:

". . . . If parties desire their causes reviewed they must proceed according to law and the rules of the court to try them, and not under agreements which depart from the provisions of law regulating the trial of causes. . . . ." (42 Ala. at page 78)

Under that rule, we will not reverse the trial court for "overruling" defendant's plea 4 in the instant case.

## 2.

Defendant asserts that the court erred in refusing affirmative charges requested in writing by defendant. We hold that refusal of these charges constituted error to reverse.

Defendant contends that the evidence introduced on the trial before the jury established, without dispute, that the judgment in the prior action was res judicata and conclusive against plaintiff on the same cause of action on which plaintiff sues in the instant case, and, therefore, that defendant was entitled to affirmative instructions.

In earlier cases, this court held that the record of a prior adjudication could be given in evidence under a plea of the general issue, or general denial, with the same effect as if the prior adjudication had been pleaded specially. Cook v. Field, 3 Ala. 53; Wittick v. Traun, 25 Ala. 317; Cannon v. Brame, 45 Ala. 262; Haas v. Taylor, 80 Ala. 459, 2 So. 633. Later cases appear to hold that under § 225 of Title 7, Code 1940, res judicata must, as a general rule, be specially pleaded in order to be available to defendant, although it may appear in the evidence. Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564; Winkles v. Powell, 173 Ala. 46, 55 So. 536; Cox v. Brown, 198 Ala. 638, 73 So. 964; Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Chattanooga Brewing Co. v. Smith, 3 Ala.App. 565, 58 So. 67.

This court, however, has recognized an exception to the general rule where the plaintiff proved when a witness, without objection or limitation at the time, the prior judgment for the same cause of action and the satisfaction of the same. This court said that " * * * this should operate as a waiver of the defendants' failure to plead the same specially." Jones v. Russell, 206 Ala. 215, 219, 89 So. 660, 663. See: Cawthon v. Jones, 216 Ala. 260, 113 So. 231; Johnson v. Odom, 11 Ala.App. 364, 66 So. 853. For helpful annotation on "Pleading waiver, estoppel, and res judicata," see 120 A.L.R. 8.

On the trial before the jury, the instant plaintiff introduced into evidence interrogatories which proved issuance of fire insurance policy by defendant, the payment by defendant to mortgagee and the assignment of mortgage to defendant, foreclosure of mortgage and purchase by defendant, and sale by defendant to E. E. Mitchell for $1,200.00; all as stated in the agreed statement of fact above set out.

Plaintiff then introduced into evidence the entire file in the prior action. The file shows that plaintiff sued defendant for

breach of fire insurance policy, that defendant pleaded payment to the mortgagee, that defendant confessed the plea, and judgment for defendant; all prior to commencement of instant suit.

■ We hold that plaintiff, by introducing the file in the prior action, waived defendant's failure to plead specially and that the prior judgment is available to defendant in bar of the instant action under the doctrine of res judicata.

This court has said:

". . . . In civil cases the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, and as evidence, conclusive, between the same parties upon the same matter directly in question in another court. A verdict for the same cause of action, between the same parties, is absolutely conclusive. And the cause of action is the same when the same evidence will support both actions, although the actions may happen to be founded on different writs. Thus a judgment in trespass will be a bar to an action of trover for the same taking. And a verdict in trover will be a bar to an action for money had and received for the sale of the same goods. —Starkie Ev. by Sharswood, 391, 301, 302." Cannon v. Brame, 45 Ala 262. 263;

and also:

"A judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but which could have been litigated in the former suit. (Citations Omitted.) The best and perhaps most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence is found, it will make no difference if the form of the two actions is not the same. Whatever be the form of the action, the issue is deemed the same whenever it is supported in both actions by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any suit, though the cause of action is different. (Citations Omitted.)" Reid v. Singer Sewing Machine Co., 218 Ala. 498, 499, 119 So. 229.

The defendant relies on the principle that " . . . . '* * * res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, "but also as respects any other available matter which might have been presented to that end."'" A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 548, 25 So.2d 511, 515. Defendant says all issues involved in the instant case could and should have been presented in the prior action on the insurance policy and the judgment in the prior action is a bar to the instant action.

Plaintiff relies on the principle that " . . . . 'The rule of res adjudicata or former recovery, is confined to those cases where the *parties to the two suits are the same*, the subject-matter the same, the identical point is directly in issue, and the judgment has been rendered on that point.'" Jones v. Adler, 183 Ala. 435, 441, 62 So. 777, 779. Plaintiff says the points in issue in the instant case were not in issue in the prior action between plaintiff and defendant, and, therefore, the prior judgment does not bar the instant action.

The two rules as stated above appear to be in conflict. Defendant's rule apparently says the prior judgment is a bar to relitigating an issue which could have been determined in the prior action; but plaintiff's rule appears to say that the prior judgment is a bar to relitigating an issue only if the issue was actually determined in the prior action.

The apparent conflict does not really exist. Defendant's rule applies in cases founded on the same cause of action, while plaintiff's rule applies in cases founded on different causes of action. The distinction between the two rules has been stated as follows:

"While the effect of a judgment as a bar to a second action on the same cause of action and the effect of a judgment as precluding relitigation in another action of facts or matters litigated and determined in the first action are both within the application of the term 'res judicata,' and some matters, such as identity of parties, are requisite elements under either phase of the doctrine of res judicata, nevertheless, the two situations to which the term is applied are, in fact, quite different, and the two phases of the doctrine are distinguishable in two respects; one respect is the scope of the conclusiveness of the judgment, * * * in a former suit between the same parties * * * on the same cause of action, operating as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action * * * while the conclusiveness of a judgment in a prior suit between the same parties * * * on a different cause of action extends * * * only to such matters and questions as were actually litigated and determined.

"Another respect in which the two phases of the doctrine differ is in the elements requisite to their application. * * * the rule relating to a judgment as a bar to another action is applicable only to cases involving the same causes of action; but the rule relating to conclusiveness as to particular points or matters is not so restricted in its application, and even where the subsequent suit is on a different cause of action, yet where it is between the parties * * * to a former action, the former judgment will be conclusive and final as to any matter actually in issue and determined in the former action, either on behalf of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to disprove essential element of plaintiff's case, or to establish matters relied on in defense." 50 C.J.S. Judgments § 687, pp. 143, 144.

"At the outset of the consideration of the doctrine of res judicata, it must be noticed that there is a wide difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim, demand, or cause of action, and its effect to preclude the relitigation of particular facts or issues in another action between the same parties on a different claim or cause of action. The rule precluding the relitigation of the same cause of action and the rule precluding the relitigation of the same issues do not necessarily have the same consequences. However, the distinction between the two rules has not always been recognized and both rules are frequently included within the use of the term 'res judicata' and the term 'estoppel by judgment.'" 30A Am.Jur. 375, 376, Judgments § 327.

If, in the instant case, we assume, only, for the sake of argument, that, as plaintiff contends, the issues in the instant case were not precisely litigated and determined in the prior action on the policy, then the rule relied on by plaintiff would apply and the prior judgment would not be a bar to the instant action if the two suits are not on the same cause of action. On the other hand, although the issues in the instant case were not precisely litigated and determined in the prior action, the rule relied on by plaintiff would not apply and the prior judgment would be a bar to the instant action if the two suits are on the same cause of action.

The question then is whether the cause of action is the same in both suits. In the first suit, plaintiff declared on the insurance policy. Plaintiff's right to recover could be sustained only by showing that defendant had promised to pay if the house should be destroyed by fire, that the policy was in effect at the time the house was so destroyed, and that defendant, after notice, had failed to pay plaintiff for the loss.

What facts are the basis of plaintiff's right to recover in the second action? The facts that defendant had bought the mortgage, that plaintiff defaulted on payments of the mortgage debt, that defendant foreclosed the mortgage, that defendant bought in the land at foreclosure sale and later sold the land to E. E. Mitchell for $1,200.00, would not, on any theory of which we are advised, give to plaintiff any right to recover from defendant the purchase money received from Mitchell. There must be additional facts before a defaulting mortgagor is entitled to recover from a mortgagee, or his assignee, the money received by the assignee from the sale of the mortgaged property where, as here, the money received does not exceed the mortgage debt. We do not understand how plaintiff would have a right to the proceeds of the sale of the mortgaged property on such facts standing alone.

The additional facts proved and relied on by plaintiff appear to be that defendant had issued the insurance policy and thereby promised to pay the plaintiff if the house should be destroyed by fire, that the policy was in effect at the time the house was so destroyed, and that, after notice, defendant had failed to pay plaintiff for the loss.

These additional facts, if true, would give plaintiff a right to recover on the policy, but these are the same facts which would have given plaintiff a right to recover in the prior action on the policy. We thus come to conclude that, although the form of action is not the same, the plaintiff's cause of action is the same in both cases.

Since the plaintiff has had one action prosecuted to final judgment on the merits on the same cause of action against the same defendant, the prior judgment, so long as it stands unreversed, is conclusive against defendant and bars the instant suit on the same cause of action and bars relitigation of all issues which could have been litigated and determined in the prior suit. Cannon v. Brame, supra; Reid v. Singer Sewing Machine Co., supra.

Because the evidence offered by plaintiff proved, without dispute, the defense of res judicata or estoppel by judgment, defendant was due the affirmative charge and its refusal was error to reverse.

In his brief, plaintiff points out that in the prior suit, defendant filed the plea which, in substance, states that the defendant had paid the proceeds of the policy to mortgagee; that plaintiff confessed the plea and judgment was rendered thereon for defendant; but, plaintiff points out that, in the instant case, he propounded an interrogatory to defendant asking whether the policy or any part thereof had been paid and defendant answered: "No." Plaintiff appears to argue that because these things are so, the doctrine of res judicata does not apply.

Defendant's plea in the prior suit and defendant's answer to the interrogatory in the instant case cannot both be true. The issue of payment, however, was raised and determined in the prior suit. Plaintiff cannot relitigate that issue in a second suit so long as the prior judgment stands unreversed. Whether by some proceeding in equity, or otherwise, plaintiff might have the prior judgment vacated or set aside we are not called on to decide; but it is clear that the prior judgment is conclusive against plaintiff in the instant suit which is founded on the same cause of action.

We have carefully examined the cases cited in brief by plaintiff. To discuss them at length would serve no useful purpose. It is sufficient to say that none of them conflicts with what we say here.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.