# White *v.* Keith.

*Action on Promissory Note.*

1. *Allegations construed adversely to pleader.*—A plea to a complaint on a promissory note claiming protest fees, which avers that protest of the note was waived by the only endorser on it on the day of maturity, and before protest, is insufficient, in that it fails to allege that the waiver was made before dishonor.

2. *Waiver of protest plead specially.*—If the waiver of protest and notice before maturity is a defense to such action, the defense must be specially pleaded, and can not be insisted on under the general issue.

APPEAL from the City Court of Birmingham.
Tried before Hon. H. A. SHARPE.

H. K. WHITE, for appellant.

L. C. DICKEY, *contra.*

McCLELLAN, J.—This action is by Keith against White on a promissory note payable at a certain bank made by the defendant and endorsed by N. R. McDavid. Default was made in payment at maturity, the note was protested for non-payment and notices of protest given. The complaint claims the face of the note with interest, attorney's fees therein stipulated for, and the costs of protest and notices thereof. The pleas were: 1, tender of the amount claimed except the fees for protest and notices, 2 that the defendant did not undertake and promise in the manner and form alleged in the complaint, 3 that he did not owe the sum claimed or any part thereof in the manner and form alleged, and 4 that "as to the amount of protest fees claimed for the protest of the note sued on, defendant says that protest of the note sued on was waived by N. R. McDavid, the only endorser of said note, on the day of the maturity of said note and before its protest by the notary." A demurrer to the 4th plea on the ground that it "was not sufficiently explicit, in that it fails to state when said waiver was made— whether before or after banking hours on date note becomes due," was sustained by the City Court.

The term "protest" as employed in the plea is not to be understood as the declaration which is supposed to be made

[White v. Keith.]

at the moment payment of commercial paper is refused on presentation at the time and place of payment stipulated in the instrument, but in its more popular significance, as embracing "those acts which are necessary to charge an endorser," namely, the drawing up in writing of a formal declaration of presentation and non-payment, which is done *after* those facts have transpired and hence *after* the paper is dishonored, and the giving of notices after such formal declaration has been made of the facts certified by it.—*Fisher v. Price*, 37 Ala. 407. Giving to the word "protest" this significance the plea is manifestly open to the construction that the waiver alleged was subsequent in point of time to the dishonor of the note, and, on the rule which requires construction most adverse to the pleader, the plea must be so interpreted. Waiver of protest before default binds the endorser by way of estoppel on him to deny notice of dishonor, and obviates the necessity for such notice, but even in such case it would seem that the holder is under no obligation to forego formal protest and notice, but only may do so with impunity.—*Bellinger & Ralls v. Glenn, Brockway & Co.*, 80 Ala. 190; and certainly no such obligation would arise where the evidence of waiver was of less satisfactory or tangible character—as resting in parol, for instance, which appears to be the case here—than would be the evidence of protest and notice furnished by the notary's certificate. However that may be, certain it is that waiver of protest and notice *after* the paper has been dishonored will not suffice to bind the endorser, and he is discharged unless a new and valid promise to pay is made by him or the same steps are taken, i. e. protest and notice, as would be necessary to hold him liable in the absence of such subsequent waiver.—*Robinson v. Barnett*, 19 Fla. 670; *Wyckoff v. Andrews*, 50 N. Y. Supe. Ct. 196; 2 Dan. Neg. Inst. § 1108; *Yeager v. Farwell*, 13 Wall. 12.

The plea was bad, and the judgment of the court sustaining the demurrer was free from error.

This action of the court left no plea on file relying specially on a waiver of protest and notice to reduce the recovery by the amount of the costs in that regard claimed in the complaint. If the fact of waiver of protest and notice even before maturity is a defense to a claim in an action on the note for the costs of protest and notice, it is affirmative defensive matter and is not put in issue by a general denial of the averments of the complaint. It is for the defendant to aver the fact of waiver by a special plea and to prove it as averred. Without such special averment, evidence of the

[Moore v. City of Eufaula.]

fact is not admissible. There being no such plea in this case, the trial court properly excluded the testimony offered by the defendant "to prove that the protest and notice of protest of the note sued on was waived by the only endorser of the note before the same was protested." This conclusion might also, perhaps, be rested on the same considerations upon which we held the plea insufficient, that is, that the offer was not to prove waiver *before* maturity and dishonor; and possibly also on the ground that a waiver of protest and notice even before maturity does not deprive the holder of his right to have the the paper protested and notice thereof given, but only allows him to omit to do so without prejudice to his claim against the endorser.

This, the only point of contestation in the case, being ruled against the appellant, it follows that we concur in the finding of the judge of the City Court on the facts, and affirm the judgment rendered for the plaintiff.

Affirmed.