# Morgan v. McCollister.

*Statutory Action of Ejectment.*

1. *Landlord and tenant; surrender of lease.*—Where the lessee for a term of years, before the expiration of his lease, makes a parol sale of the remainder of his term, puts the vendee in possession and tells his lessor that he has made the sale of the remainder of his term, and that, therefore, he must look to his vendee for his rent, and thereupon the lessor cancels the lease and executes a new one to said vendee, there is a complete surrender of the original lease, and all rights thereunder by the lessee; and such lessee can not, thereafter, claiming under the original lease, maintain an action of ejectment against his vendee for the recovery of said leased premises.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. J. M CARMICHAEL.

This was a statutory action of ejectment, brought by the appellee, Thomas McCollister, against the appellant, D. E. Morgan, and the two tenants of Morgan, to recover a house and lot in the town of Girard. The defendants pleaded not guilty, and upon this plea issue was joined.

The facts of the case, as shown by the bill of exceptions, are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written

charge: "If the jury believe all the evidence, they must find for the plaintiff." To the giving of this charge, the defendant separately excepted, and also separately excepted to the refusal of the court to give the following charge requested by them: "If the jury believe from the evidence that McCollister intended and did make a verbal surrender of his lease to Moses, and that Moses accepted such surrender and made a new lease of the premises to the defendant (Morgan), then the plaintiff can not recover in this action, and they must find for the defendant."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the giving of the charge requested by the plaintiff, and the refusal to give the charge requested by them.

LYMAN W. MARTIN and J. J. ABERCROMBIE, for appellant, cited, 7 Amer. & Eng. Encyc. of Law, 716–7, 758; *Shahan v. Herzberg*, 73 Ala. 63; *Rice v. Dudley*, 65 Ala. 68; *Hill v. Townsend*, 69 Ala. 286; *Smith v. State*, 68 Ala, 424; *Woodbury v. State*, 69 Ala. 242; *Gooden v. State*, 99 Ala. 230; *Marx v. Bell*, 48 Ala. 497.

BOYKIN & BENTON, *contra*, cited *Kelly v. Hendricks*, 57 Ala. 195; *Harrison v. Parmer*, 76 Ala. 157; *McPhearson v. Walters*, 16 Ala. 715.

HARALSON, J.—As respects the surrender of a lease by the lessee and the acceptance of the same by the lessor, it seems to be well settled, that if a tenant consents that his lessor may grant a lease of the premises to another, and gives up the possession of the premises to the new lessee, a surrender by operation of law transpires.—2 Wood's Landlord & Tenant, 1179, § 494. So; an unconditional agreement between a landlord and a third person, with the assent of the tenant, during the term, to rent the premises to such third person, followed by a change of possesion and payment of rent by the new tenant, will amount to a valid surrender of the old lease, and the acceptance thereof by the landlord.—2 Taylor's Landlord & Tenant, § 509.

The rule of law, as now settled by our own and other courts, is that during the term, the tenant may surrender to the landlord, thereby terminating the lease and all its

incidents; and any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume, possession of the leased premises, amounts to a surrender in legal contemplation.—*Shahan v. Herzberg*, 73 Ala. 63; *Talbot v. Whipple*, 14 Allen, 180, and authorities there cited.

In the case before us, Moses, the owner of the fee, on November 1, 1882, executed a written lease of the premises sued for to McCollister, the plaintiff below and the appellee here, which lease was to run twenty years from its date. McCollister proved his possession under said lease, up to July, 1893. The appellant, Morgan, defendant below, claimed title to the lot sued for, under a parol purchase of the same from McCollister in July, 1893, under which purchase he entered. The plaintiff testified that none of the purchase price for the lease had been paid by defendant; and defendant testified that all the purchase money had been paid, at the time of the purchase and sale.

The plaintiff testified further, that he told Moses, his lessor, a few days after the parol sale of the lot to defendant, that he had sold said lot to defendant, and that thereafter he, Moses, must look to defendant for his rent. Moses testified to the same fact, and further, that acting on what McCollister told him, he took up his old lease to McCollister, when presented to him by Morgan, the defendant, and made a written indorsement across its face,—"cancelled and new lease given on same property,"—and made a new lease of said lot to defendant, Morgan, to run for twenty years from the 1st of August, 1893, which lease was read in evidence.

McCollister testified that he had loaned to Morgan his lease from Moses, in order that Morgan might examine the title; but Morgan, the defendant, testified that plaintiff had delivered said lease to him "as a muniment of title."

Under the undisputed facts, it manifestly appears that McCollister surrendered his lease of said lot to Moses, and that the latter accepted the surrender. What else can be made of the fact, that when McCollister sold the remainder of his term to Morgan and put him in possession, he told his landlord, Moses, that thereafter he must look to Morgan for his rent? It was certainly optional with Moses to look to Morgan for rents in the

future, and to accept the proffered surrender or not, as he chose, but so far as plaintiff was concerned, it was as unequivocal an offer to surrender as he could make. It was a warning that if he did not look to Morgan to collect rents out of him, he need not look to him, the plaintiff, for them. When Moses acceded to the terms of surrender, thus proffered, gave up and cancelled the lease to plaintiff, and executed a new one to defendant, the surrender became complete all around ; plaintiff had no further interest in the property, and defendant was under no further obligations to him as his tenant.

The disputed question, as to whether Morgan was in the rightful possession of the written lease of Moses to plaintiff or not, is not an important one. It was a paper that might have been and was cancelled by the new lease to Morgan, as effectually as by writing the words "cancelled" on it. It was annulled and rendered inoperative in what took place between the parties, without reference to the indorsement on it by Moses.

The court erred in giving the general charge for plaintiff, and in not giving the one requested for defendant.

Reversed and remanded.