[Eudora Mining & Development Co. *et al.* v. Barclay *et al.*]

# Eudora Mining & Development Co. *et al. v.* Barclay *et al.*

*Bill in Equity to enforce Vendor's Lien.*

1. *Promissory note; can be executed by maker signing his name on back of the instrument.*—While it is usual for the maker of a note to sign his name at the bottom of the note, it is immaterial upon what part of the note the maker writes his name; and if a person writes his name on the back of the note, with the intention of executing it, he becomes bound as maker thereof.

2. *Same; same; sufficiency of bill seeking to enforce vendor's lien.* Where, in a bill seeking to enforce a vendor's lien, it is averred that the lands were purchased by several persons who gave their promissory note for the balance of the purchase money, and that one of said purchasers signed his name at the bottom of said note and the others signed their names on the back, not as indorsers, but they were in fact joint makers and joint purchasers of said land. such bill is not subject to demurrer on the ground that it was shown that the complainant waived his lien by taking the personal security of the persons whose names were written on the back of said note as indorsers.

3. *Vendor's lien; not waived by taking note with waiver of exemptions of personal property.*—The recital in a note given for the unpaid purchase money of land, that the maker waives his right of exemptions as to personal property, does not raise a presumption that there was thereby a waiver of the vendor's lien.

4. *Equity practice; security for costs when several complainants are non-residents.*—Security for costs is not necessary where one of several complainants in bill in chancery is a resident citizen, although all the other complainants are non-residents.

APPEAL from the County Court of Cleburne.

Tried before the Hon. T. J. BURTON.

The bill in this case was filed by the appellees, W. C. Barclay, who resides in Marshall county, Alabama, and W. W. Buchanan and J. T. Buchanan, each of whom re-

sides in the State of Texas, against the Eudora Mining & Development Company, F. H. Sprague, L. D. Phillips, Wm. M. Knight and William Neindorff. The purpose of the bill was to enforce a vendor's lien on certain lands specifically described in said bill and alleged to have been sold by the complainants to the defendants, Sprague, Phillips, Knight and Neindorff, and by them conveyed to the Eudora Mining & Development Company.

The averments of the bill are sufficiently stated in the opinion. The respondents moved the court to require the non-resident complainants, W. W. and J. T. Buchanan, to give security for the costs of the suit, and to dismiss said bill of complaint as to said non-residents unless they gave security for costs. The respondents also moved to dismiss the bill for the want of equity, and demurred to the bill upon several grounds, the substance of which was that it appeared from the bill of complaint that the complainants had waived their vendor's lien by taking the personal security of the defendants, L. D. Phillips, W. M. Knight and William Neindorff by their endorsing the note given to the complainants and signed by F. H. Sprague; and further that the vendor's lien was waived by said notes stipulating for the waiver of exemptions as to personal property.

Upon the submission of the cause upon the motion to require the non-residents to give security for costs, and the motion to dismiss the bill for the want of equity, and upon the demurrer, the chancellor rendered a decree overruling each of the motions and the demurrer. From this decree the respondents appeal, and assign the rendition thereof as error.

J. J. WILLETT, for appellant.—The motion to dismiss the bill for the want of equity, and the demurrer to the bill should have been sustained. The vendor's lien was waived by taking the indorsers of the note for the purchase money.—*Woodall v. Kelly & Co.*, 85 Ala. 368.

MERRILL & BRIDGES, *contra.*—In an action by several co-plaintiffs, one of whom is a resident of this State, se-

[Eudora Mining & Development Co. *et al.* v. Barclay *et al.*]

curity for costs can not be required, although all of the others are non-residents.—*Ex parte Jemison*, 31 Ala. 392; *Ex parte Bush*, 29 Ala. 50.

It is immaterial upon what part of a note the name of the maker is written.—*Quinn v. Sterne*, 71 Amer. Dec. 204.

There is no presumption of a waiver of the lien for purchase money of land, arising from the vendor accepting the purchaser's note therefor, containing a waiver of exemptions as to personal property.—*Thompson v. Sheppard*, 85 Ala. 611.

HARALSON, J.—The name of F. H. Sprague appears signed to the purchase money note, with the names of L. D. Phillips, Wm. M. Knight and Wm. Neindorff written on the back of it. It is payable to Merrill & Bridges or order, who acted in the transaction as agents of complainants. The bill avers that the parties above named purchased the lands in question from complainants, at the price of $4,000, with the view and for the purpose of organizing a corporation under the laws of this State to be known as the Eudora Mining & Development Company, to develop and work the said lands for gold; that on the 19th of October, 1897, the said company was organized and chartered in the probate court of Cleburne county, and on the 2d of December, 1897, said F. H. Sprague conveyed said lands to said company, which went into and is now in possession of the same; that the title to said lands was made by complainants to said Sprague at the request of said parties, for convenience in conveying and transferring the same to said company; that the said purchasers paid $1,500 in cash on said purchase, and executed the note in suit for the balance of the purchase money; that said Phillips, Knight, and Neindorff, signed their names on the back of said note, not as indorsers thereof, but they were in deed and in fact joint makers of said note and joint purchasers of said land with the said F. H. Sprague.

The demurrer to the bill is in denial of its allegations and proceeds upon the grounds, that it appears from the bill that complainants waived their vendor's lien on the

land for the purchase money by taking personal security for the obligation of the said F. H. Sprague, the vendee, as shown by the indorsement of the names of Phillips, Knight and Neindorff thereon, and that said Sprague waived his exemptions in said note.

It is argued by appellees, that the note attached to the bill shows that the parties whose names are on the back thereof are indorsers and not makers of the same, and this status cannot be varied by averments in the bill to the contrary, and by parol proof in support of such averments.

1. If the allegations of the bill are true, Sprague, Phillips, Knight and Neindorff were the joint and equally interested purchasers of said lands from complainants, and the debt as evidenced by the note for the unpaid purchase money, is for their and each of their individual, original indebtedness, and their names as signed on the back of said note, were placed there by them, not as indorsers, but in fact as the makers thereof. While it is true, that generally the makers' names are signed to a note at its foot, and the indorsers, if any, on its back, and without more the names of those appearing on the back would be presumed to have been placed there as indorsers, and not as makers, yet, we know of no rule of law, which requires that the makers may not place their names on any part of the note where they may prefer to write them, and thus bind themselves as makers. It is immaterial, in other words, upon what part of a note the name of a maker may be written.—*Quin v. Sterne*, 26 Ga. 226; s. c. 71 Am. Dec. 204; Story on Prom. Notes, § § 34, 121, 152.

2. The note having been signed in the manner stated, and being the joint obligation of all the parties thereto as makers, the waiver of exemptions contained therein applied to each of the obligors. It is well understood in this State, that when a promissory note which is given for the unpaid purchase money of land and recites a waiver of exemptions of personal property, this does not raise the presumption that the vendor's lien was waived. *Thompson v. Sheppard*, 85 Ala. 611.

3. One of the complainants, W. C. Barclay, was, as appears, a resident of this State, and the other two re-

[Arrington v. Arrington.]

side in Texas. It has long been held, that in an action by several, one of whom is a resident, security for costs is not necessary, although all the others are non-residents.—*Ex parte Jemison*, 31 Ala. 392; *Ex parte Bush*, 29 Ala. 50. There was no error in refusing to require security for costs.

The demurrer and the motion to dismiss for want of equity were properly overruled.

Affirmed.