[Carrington v. Odom.]

# Carrington v. Odom.

## Action on Promissory Note.

1. *Negotiable note; effect of words designating place.*—Where a
   promissory note states that the makers promise to pay a cer-
   tain sum "at the Jasper Trust Company's office," it is not
   probable that the parties in using these words intended to
   state the unimportant fact of where the consideration was
   received. To have any material use in expressing the terms of
   the contract they could only have reference to the place where
   the note was to be paid and must be given effect as designat-
   ing that place. So construed the note · is payable at a
   place certain within the requirements of the statute defining
   negotiable instruments and is subject to the rules governing
   commercial paper.

2. *Negotiable note; indorsement of when made to be regular.*—The
   regular indorsement of a negotiable note, which imports
   a contingent liability of the indorser, and which is not vari-
   able in construction by parol evidence, occurs only after its
   full execution and delivery to the payee.

3. *Same; must be presented and notice of dishonor given.*—To bind
   the indorsers, a negotiable note regularly indorsed must be
   presented at maturity at the designated place of payment and
   notice of dishonor given in a reasonable time, unless excuse or
   good reason for omission be shown.

4. *Irregular indorsement; obligation and effect of.*—The obliga-
   tions imported by the irregular indorsement of a negotiable
   note, such as arise when the indorsement is made before de-
   livery, are of the same kind and dependent on the same con-
   ditions in respect of presentment and notice as where the in-
   dorsement is made after delivery; but it does not prevent the
   holder of the note from showing by allegation and proof that
   one writing his name in blank on the back of a note at its
   inception did so in execution of the note as a maker, since
   it is certain that a note may be signed upon its back.

5. *Negotiable note; averment of due and legal presentment suffi-
   cient.*—The averment in a complaint of the due and legal
   presentment for payment of a negotiable note to the makers,
   is equivalent to an averment that the presentation was at
   the place designated in the note; that being the place agreed
   on where due and legal presentment could be made,

34

ʟCarrington v. Odom.]

6. *Pleas to whole complaint; when not sufficient.*—Where pleas are interposed to the complaint as a whole, they fail to answer the whole complaint if they are without application to the common counts contained in the complaint.

7. *Non-claims; statute of sufficiently complied with by presentation to one executor.*—Where there are two or more executors of an estate, the presentation of a claim against the estate within the prescribed time to one of them, is a sufficient compliance with the statute of non-claims; and a plea which sets up that a claim was not presented to both or all of the executors is subject to demurrer.

8. *Protest; certificate of evidence of facts contained in it.*—The law, Code, § 3030, authorizes protest of negotiable note even though not necessary to bind the endorser thereof, and the certificate of protest is by the statute evidence of the facts contained in it.

9. *Negotiable note; unimportant that it was not presented to bank; when.*—The fact that a negotiable note was at the time of its maturity in the hands of the cashier of the bank at which it was payable, and the further fact that the cashier was a notary public and as such protested said note and issued the regular certificate of presentment at payee's request, are sufficient to raise the inference both of the cashier's agency to receive payment and that the note was at the bank at maturity. It is unimportant that the note was not presented to the bank.

10. *Dishonor; notice of by mail.*—Where the payee of a negotiable note and the indorsers reside in different towns it is permissible for the notary to give notice of dishonor through the mails.

11. *Same; notice of to one executor sufficient.*—The notice of dishonor of a negotiable note given to one of the executors of an indorser is sufficient to bind the testator's estate.

12. *Same; not necessary to use particular words in giving notice of.* It is unimportant that the word "as" or its equivalent is not used before the word executor in addressing a notice of dishonor to him; the object of the notice being simply to convey information of dishonor, any words which had that effect are sufficient.

13. *Judgment; when merely irregular.*—The failure to enter a judgment rendered against executors as such so as to be leviable *de bonis testatoris* is an irregularity, but it amounts only to a clerical error which does not authorize a reversal.

APPEAL from Walker Circuit Court.

Tried before E. H. CABANISS, ESQR., Special Judge.

[Carrington v. Odom.]

Action by James Odom, Sr., against J. B. Carrington and Mrs. M. A. Gamble as the executors of F. A. Gamble. The evidence was without conflict to the effect that the plaintiff loaned to the Jasper Stone & Quarry Company an amount of money and received from the company a promissory note; that at the time of the execution of the note and before its delivery the testator of the defendants signed his name across the back of it; that the note was a promise to pay at the "Jasper Trust Company's office, Jasper, Ala.," and was put by the plaintiff into the hands of J. A. Gravlee, who was the cashier of the said banking company; that when the note matured the Stone & Quarry Company had no funds at the bank and Gravlee, who was a notary public, demanded payment from J. B. Carrington, one of the executors of Gamble—the latter having died,—by letter through the postoffice of Jasper where he resided, which manner of giving such notice was the general custom of the bank. Charges 2 and 3 refused to the defendants are as follows: 2. "Unless notice of dishonor was given to the personal representatives of F. A. Gamble, deceased, the jury must find for the defendants." 3. "Unless the notice of protest was given to J. B. Carrington and M. A. Gamble in their representative capacity you must find for the defendants."

COLEMAN & BANKHEAD, for appellants.—Note payable at a particular place must be presented for payment to hold indorser.—*Roberts v. Mason*, 1 Ala. 373; *Battle v. Weems*, 44 Ala. 106; 4 Am. & Eng. Ency., 2 ed., 371. (2). Notice of dishonor should have been given in person. The note was payable at Jasper and the indorsers lived there.—*Bowling v. Harrison*, 6 Howard 248. (3). Second charge good since notice to one is notice to both. *Acre v. Ross*, 3 Stew. 288. (4). Carrington was not notified as executor because the words "executor of F. A. Gamble" were merely *descriptio personœ*.—*Lucas v. Pittman*, 94 Ala. 616.

(5). Protest must show presentment at the bank. *Magoun v. Walker*, 49 Me. 419; *Seneca Co. Bank v. Neass*, 5 Den. N. Y. 329.

APPLING & McGUIRE, *contra*.—Cashier was the bank, could not present to himself.—*Manning v. Maroney*,

87 Ala. 563. (2). Note can be signed by maker on the back.—*Marks v. Bank,* 79 Ala. 530; *Dunbar v. Smith,* 66 Ala. 490; *Espalla v. Wilson,* 85 Ala. 491; *Melton v. Brown,* 6 So. Rep. 211; 18 So. 18 So. Rep. 695. (3). Presentation to one executor sufficient under statute of non-claim.—*Mardis v. Shackleford,* 4 Ala. 493. (4). Notice of dishonor to one executor sufficient.—*Beals v. Peck,* 12 Barb. 245; *Carolina National Bank v. Wallace,* 13 S. C. 347.

SHARPE.—The second count of the complaint sets out a note alleged to have been made to the plaintiff by the Jasper Stone Quarry Company, a corporation, and endorsed in blank by the defendants' testator and others before delivery. The note is as follows:

$708.50.                          JASPER, ALA., Feb. 6, 1895.

On the first day of January 1896, after date we promise to pay to the order of James Odom, Sr., seven hundred and eight & 50-00 dollars, value received, at the Jasper Trust Company's office, Jasper, Ala., and all right to claim any exemption under the constitution or laws of this or any other State as against this debt is hereby expressly waived by the makers and endorsers of this note.

"Jasper Stone Quarry Company,<br>per F. A. Gamble, President."

It is not probable that the parties in using the words "at the Jasper Trust Company's office, Jasper, Ala.," intended to state the unimportant fact of where the consideration was received. To have any material use in expressing the terms of the contract they could only have reference to the place where the note was to be paid and must be given effect as designating that place. So construed the note is payable at a place certain within the requirements of the statute defining negotiable instruments and is subject to the rules governing commercial paper.

The second count of the complaint shows that the endorsement declared on was placed on the note before its delivery.

The regular endorsement of a negotiable note which imports a contingent liability of the endorser and which

[Carrington v. Odom.]

is not variable in construction by parol evidence, occurs only after its full execution and delivery to the payee. In such case, unless excuse or good reason for omission be shown, to bind the endorser the note· must be presented at maturity at the designated place of payment and notice of dishonor given him in reasonable time. As to the effect of an endorsement made before delivery such as is averred in the second count of the complaint, the authorities differ; many holding·that in such case the endorser is a maker of the note and as such is bound primarily for its payment. The contrary rule has been stated by this court in several cases involving such irregular indorsements where it was considered that the obligations imported by them were of the same kind and dependent upon the same conditions in respect of presentment and notice as where the endorsement is made after delivery.—*Milton v. DeYampert*, 3 Ala. 648; *Hooks v. Anderson*, 58 Ala. 238; *Price v. Lavender*, 38 Ala. 389.

We understand that such is the rule in this State, which is applicable *prima facie* to a note so endorsed, but that it does not prevent the holder from showing by allegation and proof that one writing his name in blank on the back of a note at its inception did so in execution of the note as a maker; for it is certain that a note may be signed upon its back.—*See Vinton v. Ledbetter*, 108 Ala. 644; *Eudora Mining Co. v. Barclay*, 26 So. Rep. (Ala.) 113.

The averment in the second count of due and legal presentment for payment to the makers of the note is equivalent to an averment that the presentation was at the place designated in the note, that being the place agreed on where due and legal presentment could be made. The averment though somewhat in the form of a conclusion, is by analogy to the Code forms, sufficient.—*Battle v. Weems*, 44 Ala. 105.

The pleas are each interposed to the complaint as a whole. The statute of frauds as set up in the third and fifth pleas is without application to the causes of action shown in the common counts and therefore those pleas do not answer the whole complaint.

It was a sufficient compliance with the statute of non-claims if the claim against the testator's estate was pre-

sented within the prescribed time to one of the executors.—*Mardis v. Shackleford,* 4 Ala. 493. The issue tendered by the sixth plea was that the claim was not presented to both of them and the plea was therefore subject to the demurrer.

The evidence in the cause is without contradiction. The Jasper Trust Co. had a banking office and Gravlee was its cashier and a notary public also. At maturity the note was in Gravlee's possession and the proceedings to effect demand for payment and notice of dishonor were had through him. Protest though not necessary to bind the endorser, was authorized by law and the certificate is by the statute evidence of the facts contained in it.—Code, § 3030; *Dunn v. Adams,* 1 Ala. 527; *White v. Keith,* 97 Ala. 668.

The bank being the place fixed by the paper for presentment, we think the certificate of presentment at plaintiff's request, together with Gravlee's possession and his position as notary and as cashier are sufficient to raise the inferences both of Gravlee's agency to receive payment, and that the note was at the bank at maturity. It is unimportant that the note was not presented to the bank. Under the circumstances "the legal requirements as to presentment and demand are complied with if the note is in the bank at the time it falls due in the hands of the cashier who was ready to receive the money." *Roberts v. Mason,* 1 Ala. 373.

The plaintiff and defendants resided in different towns and therefore it was permissible for the notary to give notice of dishonor through the mail.—*Philipe v. Harberlee,* 45 Ala. 607; *Gindrat v. Mec. Bank,* 7 Ala. 324. That mode of giving notice being authorized by law, proof as to custom of giving notice in the same way was mere redundancy. Notice to one of the executors was sufficient to bind the testator's estate.—3 Rand. Com. Paper, § 1244. It is of no importance that the word "as" or its equivalent was not used before the word executor in addressing the notice. The object of the notice being simply to convey information of dishonor, any words which had that effect were sufficient.

The foregoing will show that the charges 1 and 5 requested by the defendants in assuming that the mailing

of notice was not authorized unless by custom, were bad, and that charges requested numbered 2 and 3 were susceptible of the construction that notice to both the executors was essential and were therefore calculated to mislead. The evidence without conflict shows that the plaintiff was entitled to recover under the second count; therefore if there was error in the parts of the oral charge excepted to, it was not injurious to the defendants.

The failure to enter the judgment so as to be leviable *de bonis testatoris* was an irregularity but it amounts only to a clerical error which does not authorize a reversal.—Code, § 3334.

The judgment will by an appropriate order be here corrected at appellants' cost.—1 Brick. Dig. 82, § 184; *Guilmartin v. Urquhart*, 82 Ala. 570; *Boykin v. Cook*, 61 Ala. 472. As corrected the judgment will be affirmed.

Affirmed.