# Chattanooga Brewing Co. *v.* Smith.
## and
# Smith *v.* Chattanooga Brewing Co.

### *Assumpsit.*

(Decided April 18, 1911. Rehearing denied Feb. 8, 1912.
58 South. 63.)

1. *Landlord and Tenant; Substitution of Tenant Under Lease.*—With the consent or acquiescence of the lessee, another can, by contract with the lessor become the tenant of the lessor under the lease, with all the obligations it imposed upon the original tenant.

3. *Same; Liability for Rent.*—Where a party by contract with the owner of premises leased to another assumed the obligations of a tenant under the lease and had possession and enjoyment of the premises pursuant to that contract, he cannot, in an action for the rent, raise the question of whether the tenant made an effectual assignment of the lease to him.

3. *Pleading; Facts and Conclusions.*—The nature of a transaction is to be inferred or determined from the facts averred as constituting it, and not from the mistaken assumption or assertion in the pleading of the legal effect of the transaction.

[Chattanooga Brewing Co. v. Smith, and Smith v. Chattanooga Brewing Co.]

4. *Use and Occupation; Pleading.*—Where the complaint was for the use and occupation of premises by defendant during the term of a lease thereof from plaintiff to another, special pleas which merely negative the passing to defendant of the interest of the other by an assignment and which did not show that such interest had not been terminated by a surrender, were bad.

5. *Appeal and Error; Review; Record.*—Where the bill of exceptions did not show that a witness had made such a statement, the court will not be held in error for overruling an objection that the witness testified that he was not there but had heard about it.

6. *Same; Harmless Error; Evidence.*—Where the evidence called for by a question was not elicited, it was harmless error to overrule objection to the question.

7. *Same; Record; Mistake; Presumption.*—Where the bill of exceptions recites, immediately following the answer of a witness who was not a defendant, that thereupon, the defendant moved to exclude the answer of defendant, it will not be presumel on appeal for the purpose of putting the court in error that the motion was to exclude the answer of the witness.

8. *Contracts; Construction.*—In construing a written contract when necessary to determine its meaning, the situation and circumstances of the parties may be looked to.

9. *Frauds; Statute of; Contracts as to Real Estate.*—There is no provision in the statute of frauds that can affect the validity of a contract of tenancy which has been rendered binding on the tenant, not only by his accepting and acting upon the written consent of the landlord to the existence of the tenancy on stated terms, but also by the written admission of the tenant while in possession of the premises that he holds them under a lease previously made to another and referred to by the landlord in accepting him as a tenant thereunder.

10. *Same; Promise to Answer for Debt, Default or Miscarriage of Another.*—Where the defendant was accepted by plaintiff as a substituted tenant under a lease given to another, on the agreement that defendant was to be bound by all the provisions and obligations of the lease, and the defendant then endorsed the note for future rent given by the original tenant, the defendant in effect became the maker thereof, and it did not constitute a promise to answer for the debt of another.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Fannie W. Smith against the Chattanooga Brewing Company to recover for use and occupation of a storehouse and for rent. Judgment for plaintiff, and the defendant appeals, and assigns as error the rulings of the court on the pleadings and the evidence. The plaintiff also filed a cross-assignment of error as to the

deniel by the court of her right to recover attorney's fees. Affirmed on direct appeal, and reversed and remanded on cross-appeal.

The allegations of the complaint sufficiently appear from the opinion, as do the grounds of demurrer thereto.

The pleas to counts 3 and 8 are as follows: (1) "The right of recovery under said count is in the Shindler Saloon Company, a corporation, to which the remainder of a term in the premises described in the complaint, commencing on the 1st day of October, 1905, and ending on the 30th day of September, 1910, which has been granted to one Charles E. Shindler, had on the 6th day of December, 1905, been assigned, and the beneficial interest of the said Shindler Saloon Company has not been assigned to the plaintiff." (2) "Right of recovery under said count is in Charles E. Shindler, to whom a term of five years, beginning on the 1st day of October, 1905, and ending on the 30th day of September, 1910, has been granted by the plaintiff, and the beneficial interest of the said Shindler in the rents accruing for the use of said premises has not been assigned to the plaintiff."

The pleas to counts 9 and 10 were: (1) "That the alleged indorsement was obnoxious to the statute of frauds." (2) "Because it is a promise to answer for the debt, default, or miscarriage of another, and, although in writing, does not express the consideration upon which the promise is based." (3) "Because the same was not signed by any agent of this defendant authorized in writing to sign the same." (4) "The right of recovery in this case is in the outstanding termor, the Shindler Saloon Company, the beneficial interest of which has never been assigned to the plaintiff." (5) Same as 2 to pleas 3 and 8. (6) "Said lease has never

been assigned to this defendant by the termor." (7) "This defendant quitted the possession of the premises on, to wit, the last day of December, 1907."

A. LATADY, for appellant. By demanding a copy of the lease and notes they were read into the declaration of complaint as effectually as if they had been set forth in the complaint.—Stevens Pleading, side page 72. From the lease and note it appears that it was to Shindler and not to the Saloon Company; that it was assigned to the Saloon Company, and not to this defendant. That the notes were all dated Sept. 5, 1905, and that the only endorsement made thereon was sixteen months after the notes bore date and expressed no consideration for the endorser, and that the endorsement was not under the seal of the defendant; that in the consent to the assignment no requirement of assumption of the covenant of the lease is made of the defendant company, and that appellee having once waived the condition in the lease against assignment or transfer, the condition was wholly discharged and the Saloon Company could have assigned the lease without her consent. —Taylor's Landl. & Ten. sec. 410; 63 Am. Dec. 80; 150 Ill. 150; 118 Mass. 92; 56 N. Y. 337. The statute of frauds intervened to render void any charge against the defendant.—*Heflin v. Milton,* 69 Ala. 357; *McMahan v. Jacoway,* 105 Ala. 588; *Franake v. Riggs,* 93 Ala. 252. Under counts 9 and 10, it is not permissible to show by parol what the consideration was for a promise to pay the debt of another no matter how good the consideration may be.—*Bolling v. Munchus,* 65 Ala. 561; *Foster v. Napier,* 74 Ala. 397; *White v. White,* 107 Ala. 424. The liability of an assignee who has not assumed the covenants of a lease continues no longer than the possession is retained. Abandonment of possession under

such circumstances destroys the privity of estate.—Taylor's Landl. & Ten. sec. 453; 1 Vez. & B., 11; Woods' Landl. & Ten. secs. 307, 339, 340 and 349; *Sutliff v. Atwood,* 15 Ohio St. 186. The court erred in sustaining demurrers to pleas 2 and 3.—*Simmons v. Fielder,* 46 Ala. 304; *Robinson v. Lehman, et al.,* 72 Ala. 401. The landlord may elect to treat the former tenant as a tenant after the expiration of the term.—*Rhodes v. Weeden,* 108 Ala. 252. Counsel discuss other assignments of error, but without citation of authority.

SAM WILL JOHN, for appellee. An agreement or a memorandum signed only by one party can be enforced by the other.—*Seaton v. Slade,* 7 Ves. 265; Brown on Statute of Frauds, sec. 366; 1 Storey's Eq. 736-8; 36 Conn. 48; *Chambers v. Ala. I. Co.,* 67 Ala. 353; *Nelson v. Shelby M. I. Co.,* 96 Ala. 526. The contract, the notes and the endorsements thereon, the letters and the status of the parties were competent evidence as to the contract sued on.—*Jenkins v. Harrison,.* 66 Ala. 360; *White v. Breen,* 106 Ala. 165; *Strous v. Elting,* 110 Ala. 133; 95 U. S. 289. The Brewing Company was bound as makers of the notes.—*Carter v. Long,* 125 Ala. 289; *Ledbetter v. Vinton,* 108 Ala. 644. If the contract was originally void, it was made valid by the Brewing Company taking possession and paying the rents.—*Rhodes v. Weedon & Dent,* 108 Ala. 255; *Eubanks v. May-Thomas Hdw. Co.,* 105 Ala. 632; *Merrill v. Witherbee,* 120 Ala. 427. By their action the company is estopped to deny the authority of its agent.—*First Nat. Bank v. Chafin,* 118 Ala. 256.

WALKER, P. J.—The following is a summary of the allegations of count 9 of the complaint, as amended:

On January 17, 1907, the plaintiff was the owner of the reversion in and to a described storehouse in the city of Birmingahm, which was then occupied by the Shindler Saloon Company, as tenant thereof under the plaintiff, under a lease contract for the term of five years from October 1, 1905, to September 30, 1910. The defendant obtained possession of the leased premises from plaintiff's tenant, and, on the date first mentioned, represented to the plaintiff that it had bought out said tenant, and requested the plaintiff to accept the defendant as her tenant for the leased premises for the unexpired term of the lease, and to indorse on the written contract of lease held by the plaintiff her written consent to the transfer of the leased premises to the defendant. The plaintiff agreed to this proposition of the defendant if the latter would assume to pay plaintiff the rent reserved in and by the lease contract of $300 per month, and evidence this assumption of the rent to fall due thereafter by signing its name on the back of the 44 monthly rent notes then held by the plaintiff, which defendant then and there did; and in consideration thereof, and at the same time and place and as a part of the transaction, the plaintiff made and signed the following indorsement on the lease contrast: "I hereby consent to the transfer of the lease to the Chattanooga Brewing Co., they being bound by all the provisions and obligations of this lease so transferred, this 18th day of Jan., 1907." And the defendant accepted this transfer of the lease as evidenced by its indorsement of the rent notes, and by using and occupying the leased premises thereunder from that time, and by paying the rent according to the terms of the lease for the succeeding 11 months, but failed to pay the installment of rent which was evidenced by the note which fell due on February 1, 1908. The plaintiff claimed the amount evidenced by that rent

note, with interest thereon, and a reasonable attorney's
fee under a provision on that subject contained in the
note. Count 10 of the complaint, as amended, sets out
the same state of facts, except that it seeks recovery on
a similar note which fell due on March 1, 1908. The de-
fendant demurred to each of these counts of the com-
plaint upon a number of grounds, and assigns as error
the action of the court in overruling these demurrers.
What will be said in reference to that ruling is applica-
ble to each of the two counts.

There is an assumption on the part of the defendant
in the grounds of demurrer assigned, and in the argu-
ment of counsel made in support of them, that the plain-
tiff's right to recover on either of those counts must rest
upon what is alleged to have occurred between the de-
fendant and the tenant, who surrendered possession to
it, and much stress is laid upon the claim that the aver-
ments do not show that the effect of the transaction be-
tween the tenant and the defendant was to impose upon
the latter, in favor of the plaintiff, the obligations which
the rental contract imposed upon the tenant. To in-
dulge such an assumption, it is necessary to ignore ma-
terial features of the state of facts set out. It is patent
from the plaintiff's averments that her claim upon the
defendant may be rested, not alone upon the transac-
tion with the tenant who had been in possession, as
claimed to have the effect of creating a privity of estate
without a privity of contract between the plaintiff and
the defendant (*Bonetti v. Treat*, 14 L. R. A. 151, note),
but also upon a contract entered into by the defendant
directly with the plaintiff, and possession by the defend-
ant under that contract. The real ground of the liabil-
ity asserted is that the defendant itself entered into a
contract with the plaintiff which had the effect, upon
its superseding the former tenant under an arrange-

ment with him, of making the defendant the plaintiff's tenant under the lease, as a substitute for the tenant who held under the lease before that contract was entered into. That, with the consent or acquiescence of the former tenant, the defendant could by contract become the plaintiff's tenant under the lease, with all the obligations it imposed upon the original tenant, is clear in principle and from the authorities.

In the case of *Morgan v. McCollister*, 110 Ala. 319, 20 South. 54, the facts were that McCollister, who was a tenant in possession under a written lease for 20 years, made a parol sale of the remainder of his term to one Morgan, surrendered possession to him, and told Moses, his landlord, that thereafter he must look to Morgan for the rent, and thereupon Moses made a new lease of the premises to Morgan. The court held that the acts of McCollister in making the parol sale of his lease and consenting to the landlord's accepting Morgan as his tenant constituted a surrender by McCollister of his lease, and terminated his interest in the leased premises. This was a plain recognition of the right of an original tenant under a written lease, by acts resting in parol, to extinguish his interest under the lease, without any written or formal assignment of it.

Differences between that case and the present one are that in that case a new lease was made to the person who acquired possession from the original tenant, while in this case the landlord consented to a continuance of the old lease, upon the assumption by the party in whose favor the possession was surrendered of the obligations of the tenant who had been holding under the lease; and that in that case the former tenant notified the landlord to look thereafter to the party in possession for the rent, while here the termination of the former tenant's interest under the lease was evidenced by

his surrender of the possssion and thereafter asserting
no further claim to the possession or to any interest un-
der the lease. But the differences are not material, cer-
tainly so far as concerns the relations of the landlord
with the party who so acquired possession of the leased
premises and assumed the obligations of the tenant un-
der the lease. "Where a landlord grants a new lease to
a stranger, with the assent of the tenant, during the ex-
istence of an outstanding lease, and the tenant gives up
his own possession to the stranger, who thereafter pays
rent, or where, in any other way, a new tenant is, by
agreement of the tenant and the landlord, substituted
and accepted in place of the old, there is a surrender by
operation of law. It is immaterial that the old lease is
not canceled, or that the original lessee signs the new
lease as surety."—(24) Cyc. 1370. It is equally imma-
terial that the lessor in his pleading mistakenly asserts
or assumes that the legal effect of the transaction be-
tween the original and the substituted tenant was a
transfer of the lease. The court determines the nature
of that transaction from the facts averred, not from the
pleaders' statement of his conclusion on the subject.

This case involves no question as to the effect of the
acts set forth in the complaint upon any claim of the
landlord against the tenant who relinquished the pos-
session. The averments of the count showing that the
defendant agreed with the plaintiff, the lessor, to as-
sume the lease and pay the rent, and that it has had the
possession and enjoyment of the premises pursuant to
that agreement, it is in no position in this suit by the
lessor to raise a question as to whether the former ten-
ant made an effectual assignment of the lease to it. It
is liable under the averments of the count, because, by
contract with the plaintiff, it assumed the obligations
of a tenant under the lease, and has enjoyed the benefits

of it.—*Stillman v. Harvey,* 47 Conn. 26; *Drury Lane
Co. v. Chapman,* 1 Carr. & Kir. 14; *Bedford v. Terhune,*
30 N. Y. 453, 86 Am. Dec. 394; *Haycock v. Johnston,* 97
Minn. 289, 106 N. W. 304, 114 Am. St. Rep. 715; *In re
Mahler* (D. C.) 105 Fed. 428. One may as well become
the tenant by procuring the substitution of himself in
the place of another, who was named as the lessee in an
existing lease, as by becoming the lessee in a new lease,
entered into upon the surrender of his tenancy by the
former lessee; such surrender being as effectual to elim-
inate the latter from the situation as a formal assign-
ment of the lease, accompanied by the acceptance by the
landlord of the assignee as his tenant. The court was
not in error in overruling the demurrers to counts 9 and
10 of the complaint as amended.

The demurrers to the two special pleas interposed to
the counts for use and occupation were properly sus-
tained. Those pleas merely negative the passing of the
interest of the original lessee by an assignment of the
lease, and do not show that that interest had not other-
wise been terminated, as it might have been, for in-
stance, as the result of a surrender, or that it was still
outstanding. Besides, if the defendant was entitled to
any benefit from the matter set up in those special pleas,
it could have been availed of under the general issue.

What has been said in considering the demurrers to
counts 9 and 10 sufficiently indicate the grounds of the
court's opinion that there was no error in sustaining the
demurrers to the special pleas interposed to those
counts.

The only ground stated in the objection made by the
defendant to a question asked the witness Marx in ref-
erence to a trade between the defendant and the Shin-
dler Saloon Company was "that the witness had said he
was not there, but had heard about it." The bill of ex-

[Chattanooga Brewing Co. v. Smith, and Smith v. Chattanooga Brewing Co.]

ceptions does not show that the witness had made the statement mentioned in the objection. The trial court cannot be put in error for overruling an objection, made on a stated ground, not shown by the record to be founded on fact.

The evidence sought to be excluded by the objection to the question to the witness Wilson, as to what Mr. Trousdale said, was not admitted, as the witness did not testify to anything said by Mr. Trousdale. The evidence called for by the question not having been elicited by it, the defendant could not have been prejudiced by the overruling of the objection to the question. It is assigned as error that the court erred in overruling defendant's motion to exclude the answer of the witness Wilson to the question just mentioned. The bill of exceptions does not show that such a motion was made. Following the answer of the witness is the statement, "Thereupon the defendant moved to exclude the answer of the defendant as a mere conclusion," etc. We cannot, with the possible result of putting the trial court in error in respect of its ruling in this connection, presume that the motion was to exclude the answer of the witness, when the statement of the bill of exceptions is not to this effect.

It is the rule, recognized in this state, that, in the construction of written contracts, the situation and circumstances of the parties may be looked to, when necessary, to aid in arriving at the meaning of what they have written.—*Strouse v. Elting,* 110 Ala. 132, 20 South. 123; *White v. Breen,* 106 Ala. 159, 19 South. 59, 32 L. R. A. 127. Applying that rule, the effect, if any, upon the defendant of its name being signed upon the back of the rent notes by a person who at the time was its agent, certainly for some purposes, of the indorsement made by the plaintiff on the lease at the instance

36 CA

of such agent, and of the recognition in letters written to the plaintiff in the defendant's name from its principal place of business, and forming parts of a correspondence between plaintiff and defendant, that the relation of landlord and tenant then existed between them under a lease of described real estate, bearing date September 5, 1905, may be determined in the light of the following circumstances, which there was evidence tending to prove: The rent notes were indorsed by the defendant's agent on the occasion of his requesting the plaintiff to accept the defendant as her tenant in place of the former tenant, who was stated by such agent to have sold out to the defendant; and it was at the request of defendant's agent on that occasion that the plaintiff indorsed on the lease, made to such former tenant, her consent for the transfer of the lease to the defendant, it to become bound by all the provisions and obligations of the lease. Following the making of the mentioned indorsements on the rent notes and on the lease, the defendant controlled the possession of the premises mentioned in the letters, received rent therefor from succssive occupants, paid the indorsed rent notes falling due during the succeeding 11 months, kept saloon fixtures of its own in the storehouse referred to in the letters, and was compensated for the use thereof by successive occupants, had the benefit of the sale in those premises of its keg beer to the exclusion of any other keg beer. The notes indorsed by its agent in its name were the notes given for the rent reserved by a lease of the premises made by the plaintiff, and bearing date September 5, 1905, and the plaintiff had outstanding no lease of those premises, other than the one so indorsed by her at the instance of the defendant's agent; and the defendant was in possession of those premises, then used as a saloon, or controlling the possession,

when the letters above mentioned were written, and was then asserting the claim that it would have the right to put an end to its tenancy upon the prohibition law going into effect, as the property, by the terms of the lease, was to be used as a saloon. The evidence as to the defendant's dealings with the property, shown by the evidence to have been the subject-matter referrd to in the rent notes indorsed and in the letters written by its agents, was such as to support a conclusion that the defendant accepted the tenancy, to which the plaintiff consented by the written indorsement made by her on her lease to another, and that the letters written in the defendant's name by its agents, in the course of a correspondence with the plaintiff in reference to the lease, constituted a written admission by the defendant that it was the plaintiff's substituted tenant under the lease, and was bound by all its provisions and obligations.

No provision of the statute of frauds can affect the validity of a contract of tenancy which is made binding upon the party, not only by his accepting and acting upon the written consent of the landlord to the existence of the tenancy upon stated terms (*Nelson v. Shelby Manufacturing & Improvement Co.*, 96 Ala. 515, 525, 11 South. 695, 38 Am. St. Rep. 116; *Chambers et al. v. Alabama Iron Co.*, 67 Ala. 353), but also by the written admission of the tenant, while in possession of the rented premises, that he holds them under the lease referred to by the landlord in consenting to accept the defendant as the tenant under that lease.

In view of the circumstances attending the indorsement by the defendant's agent in its name of rent notes made by another, when that act was ratified and adopted by the defendant, as there was evidence tending to show was the fact, it may be given effect as constituting the defendant a maker of the notes, and binding it

primarily for the rents thereby promised to be paid by it as the substituted tenant under the lease in connection with which the notes were given.—*Carter et al. v. Long Bros.*, 125 Ala. 280, 28 South. 74; *Eudora Mining & Development Co. v. Barclay*, 122 Ala. 506, 26 South. 113.

The conclusion is that there was evidence to support each of the four counts upon which the case went to the jury, and that there was no error in the refusal of written charges requested by the defendant, or in the giving of written charges requested by the plaintiff.

By consent, the plaintiff has made a cross-assignment of errors. From the conclusion of the court that there was evidence to sustain the averments of counts 9 and 10 of the complaint, as amended, and to show that the defendant was substituted as the tenant under the lease formerly held by the Shindler Saloon Company, and became bound by all the provisions and obligations of that lease, it follows that the trial court was in error in giving written charge 3, requested by the defendant, to the effect that the plaintiff would not be entitled to recover attorney's fees in the case; the payment of a reasonable attorney's fee in the event of the nonpayment of a rent note at maturity being an obligation which, there was evidence tending to prove, was assumed by the defendant.

On the appeal in chief, we find no error. On the cross-assignment of error by the plaintiff below, the judgment must be reversed.

Reversed on plaintiff's assignment of error, and remanded.