(88 South. 33)

KNOX v. RIVERS BROS.    (1 Div. 391.)

(Court of Appeals of Alabama. Dec. 14, 1920.)

1. BILLS AND NOTES ⟐463—AVERMENT THAT BILL OF EXCHANGE WAS "DRAWN" BY DEFENDANT EQUIVALENT TO SAYING THAT IT WAS SIGNED OR "MADE" BY DEFENDANT.

In view of Acts 1909, § 126, defining a bill of exchange, an averment that a bill of exchange was drawn by defendant is under Code 1907, § 5382, subd. 3, equivalent to an averment that it was signed by defendant, and has the same effect as an allegation under subdivision 1 that the note was "made" by defendant.

[Ed. Note.—For other definitions, see Words and Phrases, Drawn; First and Second Series, Made.]

2. BILLS AND NOTES ⟐54—DRAWERS' NAMES PLACED BY THEM ON ANY PART OF BILL BIND THEM.

The makers of a note and drawers of a bill of exchange may place their names on any part of the instrument where they may prefer to write them, and can bind themselves as makers or drawers; the question whether they so signed being a matter of proof.

3. PLEADING ⟐8(6)—AVERMENT THAT BILL OF EXCHANGE WAS "DULY PRESENTED" NOT A MERE CONCLUSION.

An allegation in the complaint that a bill of exchange was duly presented is not a mere conclusion of the pleader, but is a phrase indicating a presentment according to the requirements of the law merchant (citing Words and Phrases, Duly Presented).

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Assumpsit by L. J. Knox against the firm of Rivers Bros., and the individuals composing the firm. From a judgment sustaining demurrers to the complaint as well as a judg-ment for the defendant, the plaintiff appeals. Reversed and remanded.

Stevens, McCorvey & McLeod, of Mobile, for appellant.

The complaint is a substantial compliance with the code form, and is sufficient. 16 Ala. App. 654, 81 South. 146; 192 Ala. 611, 69 South. 15; 108 Ala. 511, 18 South. 530. The instrument declared on is a bill of exchange. Acts 1909, p. 146. It is not necessary that the signature be made in the usual place at the foot of the instrument, if it appears elsewhere in any part of the writing. 122 Ala. 506, 26 South. 113; 105 Ala. 1, 16 South. 575; 124 Ala. 529, 27 South. 510; 125 Ala. 280, 28 South. 74; 3 Ala. App. 551, 58 South. 63. In the absence of a sworn plea, a negotiable instrument will be presumed to have been properly executed, where it purports to have been executed, or is averred to have been executed, by the parties sought to be charged. 35 Ala. 476; 52 Ala. 196; 88 Ala. 290, 6 South. 833.

Gordon & Edington, of Mobile, for appellee.

Counsel criticize the authorities cited by appellant, and insist that they support the conclusions reached by the trial court.

SAMFORD, J. The questions presented by this appeal arise on the court's ruling on demurrer to the following count:

"Plaintiff claims of the defendant $800 due on a bill of exchange drawn by the defendant on, to wit, the 2d day of February, 1918, for the payment of $800 to the plaintiff, which said bill of exchange is in substance as follows:
"No. ——.            O. K. by ——.
     "Taylor, Lowenstein & Co.,
    "Naval Stores Factors & Exporters.

           "Second 2 and 2       1918.
"Pay to the order of L. J. Knox $800.00 eight hundred dollars for Rivers Bros., value received, and charge to account of ————.
"To Taylor, Lowenstein & Co., Mobile, Alabama.
"Plaintiff alleges that the said bill of exchange was duly presented to the said Taylor, Lowenstein & Co., and the payment thereof refused; that the said bill is still due and unpaid.
"Wherefore, plaintiff claims of the defendant the sum of $800, with interest thereon from February 2, 1918."

[1] It is urged that the count fails to allege that defendant signed the bill, because the averment "duly presented" in the complaint is a mere conclusion of the pleader.

"A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or bear-

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er." Section 126, Acts Leg. 1909, Sp. Sess. p. 146.

When a promissory note is declared on, we say the defendant "made" the note, which is an allegation that he signed it as well as the other acts necessary to make it a binding obligation. This is recognized in Code, § 5382, subd. 1. When a bill of exchange is drawn, it means, not only the body of the writing, but its signing as well. Without the signature it is not a "bill of exchange" as defined by the statute. This is recognized in section 5382, Code 1907, subd. 3. When therefore, the averment is made that the bill of exchange declared on was "drawn" by defendant, it is equivalent to saying that it was signed by defendant, and on the trial would require proof to that effect.

[2] The makers or drawers may place their names on any part of the instrument where they may prefer to write them, and thus bind themselves as makers; as to whether they so signed is a matter of proof. Eudora Mining & Development Co. v. Barclay, 122 Ala. 506, 26 South. 113; Lampkin v. State, 105 Ala. 1, 16 South. 575; Carrington v. Odum, 124 Ala. 529, 27 South. 510; Chattanooga Brewing Co. v. Smith, 3 Ala. App. 551, 58 South. 63.

[3] The allegation in the complaint that the bill was "duly presented," is not a mere conclusion of the pleader, but is a phrase having a well-defined legal meaning; i. e., presented according to the requirements of the law merchant. 3 Words & Phrases, 2259 et seq.; Patience v. Townley, 2 Smith J. P., Eng. 223, 224.

For the error pointed out, the judgment must be reversed, and the cause is remanded.

Reversed and remanded.